No. 13562

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THE STATE OF MONTANA,

                    Plaintiffs and Respondents,

    -vs-

ED DeGEORGE, WILLIAM KENNEDY
and E. J. HOLMAN,

                    Defendants and Appellants.

---

Appeal from: District Court of the Second Judicial District,
             Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

    For Appellants:

        Mark P. Sullivan argued, Butte, Montana

    For Respondents:

        John G. Winston argued, County Attorney, Butte,
         Montana
        Jack Parker argued, Deputy County Attorney, Butte,
         Montana

    For Amicus Curiae:

        Terry Cosgrove argued, Helena, Montana

---

                 Submitted:  May 23, 1977
                  Decided:  JUN 21 1977

Filed:  JUN 21 1977

*Thomas J. Kearney*
                     Clerk

Honorable Joel G. Roth, sitting in place of Mr. Justice Daniel J. Shea, delivered the Opinion of the Court.

This is an appeal from convictions of three Silver Bow County Commissioners of two counts of official misconduct, each a misdemeanor, under section 94-7-401(1)(a) and (b), R.C.M. 1947, which provides:

> "A public servant commits the offense of official misconduct when, in his official capacity, he commits any of the following acts:
>
> "(a) purposely or negligently fails to perform any mandatory duty as required by law * * * or
>
> "(b) knowingly performs an act in his official capacity which he knows is forbidden by law * * *."

A twelve person jury reached unanimous guilty verdicts in district court, Silver Bow County, on September 29, 1976. Judge James D. Freebourn pronounced sentence on October 4, 1976, and the commissioners filed notice of appeal on October 7, 1976.

One count charges that the commissioners purposely or negligently failed to perform a mandatory duty of advertising a county road contract of over $10,000 for bid, as required by section 16-1803(1), R.C.M. 1947, which provides:

> "No contract shall be entered into by a county governing body * * * for the construction of any * * * road * * * for which must be paid a sum in excess of ten thousand dollars ($10,000), without first publishing a notice calling for bids for furnishing the same, which notice must be published at least once a week, for three (3) consecutive weeks before the date fixed therein for receiving bids, in the official newspaper of the county, and every such contract shall be let to the lowest and best responsible bidder * * *."

The other count charges that the commissioners knowingly performed forbidden acts by dividing a single road contract into parts so as to circumvent the bidding requirements. The prohibition is contained in section 16-1803.1, R.C.M. 1947, and provides:

> "Whenever any law of this state provides a limitation upon the amount of money that a county can expend upon any public work or construction project

- 2 -

without letting such public work or construc-
tion project to contract under competitive
bidding procedures, a county shall not circumvent
such provision by dividing a public work or con-
struction project or quantum of work to be per-
formed thereunder which by its nature or character
is integral to such public work or construction
project, or serves to accomplish one of the basic
purposes or functions thereof, into several con-
tracts, separate work orders or by any similar
device."

The sole issue on appeal is whether there was sufficient evidence to sustain the guilty verdicts. We believe there was and affirm the verdicts and judgment of the district court.

The facts as developed at trial were briefly as follows: a new elementary public school (the Margaret Leary School), ded-icated, September 1975, near Butte, was serviced by a dirt county road which was inadequate for the increased vehicular traffic occasioned by the opening of the school. There had been discussions from June until September 12, 1975, between the commissioners and the county surveyor relating to cutting, graveling, and paving 1800 feet of the road. When the road work was not commenced, the commissioners issued a memo dated September 12, 1975, to the county road department to cut, gravel and pave the road in question. Again the road work was not commenced and the commis-sioners then signed a contract dated October 1, 1975, with a Butte contractor, Dugdale Construction Co., Inc., to grade, gravel and straighten the road for an agreed price of $2,898.

Subsequently, on October 30, 1975, another contract was signed by the same parties to pave the road for an agreed price of $9,901.

The total contract price to grade, gravel, straighten and pave the road was $12,799, let on two contracts which were not advertised for bids.

Commissioner Kennedy testified during trial that the commissioners on October 1, 1975, did not expect any paving to be

- 3 -

done until Spring 1976, thereby justifying dividing the work into two separate contracts each for less than $10,000. The jurors resolved the conflict between the commissioners' memo, dated September 12, 1975, contemplating one undivided job, and Commissioner Kennedy's testimony, justifying two separate contracts, against the commissioners, and under proper instructions from the court, found the commissioners had purposely and negligently failed to advertise a county road project of over $10,000 for bid, and had knowingly divided a single road contract into two parts so as to circumvent the bidding requirements.

The scope of this Court's review is to determine whether or not there is substantial evidence to support the jury's verdicts and the court's judgment. Section 95-2404 and 95-2425, R.C.M. 1947.

This Court has frequently observed that disputed questions of fact and the credibility of witnesses will not be considered on appeal but that determination of such matters is within the province of the jury. As long as there is substantial evidence to support the verdict, it will not be disturbed on appeal. State v. Bouldin, 153 Mont. 276, 456 P.2d 830; State v. Lagge, 143 Mont. 289, 388 P.2d 792.

Where there is sufficient substantial evidence to support the jury's verdict of guilty, it must stand. State v. Feeley, ____Mont.____, 522 P.2d 66, 33 St.Rep. 648.

From a review of the record we find that there was sufficient substantial evidence to support the jury's verdicts of guilty. The judgment of the district court is affirmed.

_____
Hon. Joel G. Roth, district judge,
sitting in place of Mr. Justice
Daniel J. Shea.

- 4 -

We concur:

_____
Chief Justice

_____

_____

_____
Justices