No. 14255

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

WILLIAM ORIE COOPER,

Defendant and Appellant.

---

Appeal from:  District Court of the Eighteenth Judicial District,
Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellant:

Michael Sand argued, Bozeman, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Sheri K. Sprigg argued, Assistant Attorney General, Helena,
Montana
Donald White, County Attorney, Bozeman, Montana
Gregory R. Todd argued, Deputy County Attorney, Bozeman, Montana

---

Submitted:  October 23, 1978

Decided:  JAN 5 1979

Filed:  JAN 5 1979

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant was charged by information with one count of aggravated assault and one count of assault. A jury trial was held on January 26 and 27, 1978, the Honorable Jack D. Shanstrom presiding. After the jury returned a guilty verdict on both counts, defendant was sentenced to five years on Count I and six months on Count II, the sentences to run concurrently. One and one-half years were then suspended. Defendant appeals.

Between 1:00 and 1:30 a.m. on December 9, 1977, defendant and five friends entered the Sacajawea Bar, located in the basement of the Sacajawea Motel in Three Forks, Montana. Shortly thereafter, three Mexican-American brothers, Paul, David, and Caesar Villarreal, entered the bar from the upstairs where they were staying. A fourth Mexican-American, named Tano, entered sometime later. When defendant saw these men order a six-pack of beer and noticed one was not wearing a shirt, he remarked: "No shirt, no shoes, no service." He apparently walked over to the men muttering things about "spics" and "wetbacks" and proceeded to knock the six-pack out of the hands of Paul Villarreal. A scuffle ensued and one of the Mexican-American brothers had a knife. Soon bar stools and pool cues were being used as weapons. After a short time, defendant left the bar, went to a car, and picked up a gun. He fired at least one shot while on the sidewalk next to the bar entrance. He then reentered the bar pointing the gun and helped one of his friends out of the bar.

Defendant drove to Bozeman and while enroute threw the gun away. It was never recovered. The next afternoon,

-2-

Detective Bruce LaRue of the Gallatin County sheriff's department found a .25 caliber automatic colt pistol cartridge case near the top of the stairs where a witness had seen defendant fire the gun the night before.

Defendant presents six issues for review which can be summarized and stated in the following manner:

1. Whether the District Court erred in giving Instruction No. 20 concerning the defense of justifiable use of force.

2. Whether the District Court erred in giving Instruction No. 9 concerning intent.

3. Whether the District Court erred in excluding the testimony of two defense witnesses.

4. Whether the District Court erred in refusing to give defendant's offered Instruction No. 12.

5. Whether defendant was denied his right to a fair and impartial trial because of errors on the part of the District Court.

6. Whether there was sufficient evidence to support the verdicts of guilty.

Instruction No. 20 read:

"You are instructed that a defense of justifiable use of force is an affirmative defense and that the defendant has the burden of producing sufficient evidence on the issue to raise a reasonable doubt of his guilt."

Defendant contends this instruction places the burden of proving self-defense on him. The State contends this instruction places the "burden of producing evidence" on defendant but not the "burden of persuasion". The Montana County Attorneys Association, appearing as amicus curiae, argues that "a criminal defendant asserting the affirmative defense of justifiable use of force [should be] required to prove that defense by a preponderance of the evidence."

-3-

The United States Supreme Court, in the landmark case of In re Winship (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L Ed 2d 368, 375, explicitly held that "the Due Process Clause protects [an] accused against conviction except upon proof beyond a reasonable doubt of _every fact necessary to constitute the crime_ with which he is charged." (Emphasis added.) Subsequently, in a Maine homicide case, the Supreme Court held that "the Due Process Clause requires the prosecution to prove beyond a reasonable doubt the _absence_ of the heat of passion on sudden provocation when the issue is properly presented in a homicide case." (Emphasis added.) Mullaney v. Wilbur (1975), 421 U.S. 684, 704, 95 S.Ct. 1881, 1892, 44 L Ed 2d 508, 522.

Defendant relies on _Mullaney_ by analogy and argues the State should be required to prove the _absence_ of the "justifiable use of force" to convict defendant of aggravated assault. Such a contention ignores the distinction between the statutory scheme outlined in the _Mullaney_ case and the statutory scheme present in Montana. A similar distinction was addressed by the Supreme Court in Patterson v. New York (1977), 432 U.S. 197, 97 S.Ct. 2319, 53 L Ed 2d 281. In _Patterson_ the issue was "the constitutionality under the . . . Due Process Clause of burdening the defendant in a New York State murder trial with proving the affirmative defense of extreme emotional disturbance as defined by New York law." _Patterson_, 432 U.S. at 198, 97 S.Ct. at 2320, 53 L Ed 2d at 284. In finding that requiring the defendant to prove his affirmative defense by a preponderance of the evidence did not violate due process, the Supreme Court stated:

"We . . . decline to adopt as a constitutional
imperative, operative countrywide, that a state
must disprove beyond a reasonable doubt every
fact constituting any and all affirmative de-

-4-

fenses related to the culpability of an accused. Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society's interests against those of the accused have been left to the legislative branch. We therefore will not disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. Proof of the nonexistence of all affirmative defenses has never been constitutionally required; and we perceive no reason to fashion such a rule in this case and apply it to the statutory defense at issue here." Patterson, 432 U.S. at 210, 97 S.Ct. at 2327, 53 L Ed 2d at 292.

Section 94-3-112, R.C.M. 1947, provides that "[a] defense of justifiable use of force, based on the provisions of this chapter is an affirmative defense." The accompanying commission comment affords further clarification:

"A defense based upon any of the provisions of this chapter is an affirmative defense, and if not put in issue by the prosecution's evidence, the defendant, to raise it as an issue, must present some evidence thereon."

By denominating the justifiable use of force as an affirmative defense, Montana's statutory scheme does not require the prosecution to prove the absence of affirmative defenses beyond a reasonable doubt as though their absence were an element of the crime charged. This point is even more evident when the elements of the crimes charged are distilled from the statutes defining the offenses. Under section 94-5-201(1)(c), R.C.M. 1947, a person commits the offense of assault when he (1) purposely or knowingly, (2) makes physical contact with an individual, (3) when the contact is of an insulting or provoking nature. Under section 94-5-202(1)(c), R.C.M. 1947, a person commits the offense of aggravated assault when he (1) purposely or knowingly, (2) causes apprehension of serious bodily injury in another, (3) by use of a weapon, (4) when such apprehen-

sion is reasonable.  Clearly, absence of justification is not an element of either of these offenses.  That being the case, we are left with the task of reviewing Instruction No. 20 to see if it is consistent with Montana law.

In State v. Grady (1975), 166 Mont. 168, 175, 531 P.2d 681, 684, this Court stated:

> "The law in Montana is that although the burden of persuasion remains on the State, in order to avail himself of the affirmative defense of self-defense, the <u>defendant</u> has the burden of producing sufficient evidence on the issue to raise a reasonable doubt of his guilt."

Clearly then, the District Court did not err in giving Instruction No. 20.  It is a clear statement of the law in Montana.  The Montana County Attorneys Association argues that a greater burden should be placed on a defendant--that is, a defendant should be required to prove his affirmative defense by a preponderance of the evidence.  In support of this contention the Association points out that this Court has already imposed that burden for other affirmative defenses.  State v. McKenzie (1978), ____ Mont. ____, 581 P.2d 1205, 1233, 35 St.Rep. 759, 795 (mental disease or defect); and State v. Stuit (1978), ____ Mont. ____, 576 P.2d 264, 267, 35 St.Rep. 313, 317 (section 94-3-110, R.C.M. 1947, compulsion).

This Court has expressly stated that the test to be used when considering the affirmative defense of self-defense is "the burden of producing sufficient evidence on the issue to raise a reasonable doubt of his guilt."  Grady, 166 Mont. at 175, 531 P.2d at 684.  We reaffirm that holding and hold that when a criminal defendant seeks to avail himself of the affirmative defense of the use of force in defense of a person pursuant to section 94-3-102, R.C.M.

1947, he has the burden of producing sufficient evidence on the issue to raise a reasonable doubt of his guilt.

Defendant's second issue for consideration concerns Instruction No. 9:

> "You are instructed that the law presumes that
> a person intends the ordinary consequences of
> his voluntary acts."

Defendant argues this instruction creates a conclusive presumption of criminal intent and is therefore unconstitutional. The State responds first by pointing out that defendant did not object to the giving of this instruction at trial; second by pointing out that this instruction has been approved by this Court on a number of previous occasions; and third by arguing that giving the instruction was not prejudicial.

We have in the past considered this instruction and have decided that it is a proper instruction in a criminal case. See State v. McKenzie, 581 P.2d at 1222, 35 St.Rep. at 780. Therefore, we conclude the District Court did not err in giving Instruction No. 9 to the jury.

Defendant's third issue concerns whether the District Court erred in excluding the testimony of two witnesses, Charles Robinson and Mark Davis. Robinson's testimony, that he had been attacked in the bar by Mexican-Americans three months prior to the incident involved in this case, was excluded as being too remote in time and because Robinson could not identify the persons who attacked him. Additionally, there was no proof whatsoever that the parties involved in the altercations were the same. This testimony was properly excluded. Robinson did not witness the fight involved in this case. His testimony, offered in support of defendant's defense of justifiable use of force, was irrelevant under these circumstances.

Davis' testimony, that he had seen a man named Tim Van Luchen leave the bar a week before this incident with a broken jaw, was also excluded by the District Court. Defendant argues that Davis should have been allowed to testify with respect to statements made at that time by Van Luchen concerning how his jaw had been broken under Rule 803, Mont.R.Evid. The portions of that rule cited by defendant read:

> "The following are not excluded by the hearsay rule, even though the declarant is available as a witness.
>
> "(1) Present sense impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.
>
> "(2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

The time element is important under either of these exceptions. The fact that Davis did not perceive the event which caused the injury creates a problem with respect to this time element. Thus, the District Court's determination to exclude the testimony was not clearly erroneous.

Assuming, for the moment, that the testimony should not have been excluded as hearsay, the testimony was clearly irrelevant. Like Robinson's testimony, Davis' testimony was offered as proof of defendant's state of mind when he entered the bar. But defendant's own testimony indicated that these prior events were either unknown to him or had no effect on his state of mind. Therefore, defendant was not prejudiced by the exclusion of Davis' testimony.

Defendant's fourth issue concerns the District Court's refusal to give defendant's offered instruction number 12:

"You are hereby instructed that after considering and weighing the evidence and reconciling any discrepancies in the evidence, if there is any reasonable hypothesis upon which you can base a verdict of not guilty it is your duty to return a verdict of not guilty."

Defendant cites State v. Fitzpatrick (1974), 163 Mont. 220, 225, 516 P.2d 605, 609, for the proposition that "to justify conviction on circumstantial evidence, the facts and circumstances must not only be entirely consistent with theory of guilt, but must be inconsistent with any other rationale (i.e. reasonable) conclusion." In this regard, defendant is concerned with the fact that the gun he used when he reentered the bar was never recovered. He had argued that the gun was a harmless teargas pistol and not a real gun.

However, in Fitzpatrick the State proved its case totally by circumstantial evidence. In the instant case the great majority of evidence offered at trial was direct evidence. Circumstantial evidence instructions are only required in a case which depends entirely on circumstantial evidence. State v. Mah Sam Hing (1931), 89 Mont. 178, 186, 295 P. 1014, 1017. It is not error to refuse circumstantial evidence instructions if there is direct evidence introduced against the defendant. State v. White (1965), 146 Mont. 226, 239, 405 P.2d 761, 768.

Defendant's fifth issue, regarding the effect of errors by the District Court, is merely a summary of arguments we have already addressed in the previous four issues. We find no merit in this contention that defendant was denied a fair trial.

Finally, defendant contends there was not sufficient evidence to support the verdicts of guilty entered against

him.  Again, defendant is primarily concerned with the evidence supporting his contention that he acted in a justified manner.  But, "[w]hether the circumstances were such as to justify defendant's actions is clearly a question of fact for the jury."  State v. Larson (1978), _____ Mont. _____, 574 P.2d 266, 269, 35 St.Rep. 69, 73.

Defendant's conviction is affirmed.

_____
                                 Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
        Justices

-10-