No. 85-415

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

SERENA TONKOVICH, a/k/a
SERENA EARLEY,

        Defendant and Appellant.

_____


APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Deer Lodge,
The Honorable Robert Boyd, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        C. F. Mackay, Anaconda, Montana


    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Patricia Schaeffer, Asst. Atty. General, Helena
        John N. Radonich, County Attorney, Anaconda, Montana
        Marjorie L. Thomas, Deputy County Attorney, Anaconda


_____

Submitted on Briefs: Jan. 23, 1986

Decided: April 9, 1986


Filed: APR 9 - 1986


_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Serena Tonkovich appeals from her conviction of aggravated assault in the District Court for the Third Judicial District, Deer Lodge County. We affirm.

The sole issue raised on appeal is whether there is substantial evidence to support the findings and conclusions of the District Court.

This case was tried to the District Court rather than to a jury, and the court prepared extensive findings of fact, many of which are basically uncontraverted. The court found that Serena Tonkovich and the victim, Rita Lee, had once been friends, but for almost two years had not been on speaking terms. On the evening of this incident, both women were bar-hopping in Anaconda. Each of them presented testimony that she was trying to avoid the other that evening. At the time of the incident, Rita Lee had just walked out of a bar and Serena Tonkovich was outside in her car. Serena shot a .25 caliber automatic pistol at Rita Lee, wounding her in the leg.

At trial, Serena Tonkovich raised a defense of self-defense. She argues that she met her burden of proof, which she correctly states as raising a reasonable doubt as to her guilt. State v. Cooper (1979), 180 Mont. 68, 73, 589 P.2d 133, 136. However, our function on appeal is not to determine whether she raised a reasonable doubt as to her guilt, but to determine the sufficiency of the evidence to support her conviction. The standard of review is whether, viewing the evidence in the light most favorable to the State, there is substantial evidence to support the conviction. State v. Lamb (Mont. 1982), 646 P.2d 516, 518, 39 St.Rep. 1021, 1024. Disputed questions of fact and the credibility of witnesses

2

will not be considered on appeal. State v. DeGeorge (1977), 173 Mont. 35, 38, 566 P.2d 59, 60.

Serena Tonkovich's testimony was that she was afraid of Rita Lee, that she had started her car to leave but it had stalled, that Rita Lee and another woman were coming toward her yelling obscenities, that she thought Rita had something in her hand, and that she attempted to warn Rita Lee away by shooting at the ground in front of her. She was then able to get her car started, and drove away.

The testimony relied upon by the District Court included the following: Rita Lee testified that she went outside the bar to get some fresh air because she was feeling ill. She testified that she was alone and did not have anything in her hands. She heard a car engine rev and then recognized the car as Serena Tonkovich's. She saw Serena, who was in the driver's seat, point a gun at her and shoot twice. Serena then drove away. During this time, Serena Tonkovich's male friend was standing next to Serena's car, between the car and Rita Lee. He testified that he saw Rita Lee come out of the bar, and that he saw nothing in her hand. After he heard the shots, he told Serena she was stupid for firing the gun, and went into the bar.

In resolving the conflicting testimony, the District Court concluded that:

> [t]he facts conclusively demonstrate that there was no imminent threat of an attack by the victim, Rita Lee, or even the appearance of the necessity for the use of deadly force, or any physical peril to the Defendant, Serena Tonkovich . . . since no words were spoken, no threat issued and the Defendant was in her automobile, with a friend . . . who had previously demonstrated his willingness to prevent any type of confrontation between the Defendant and others, including the victim, Rita Lee.

3

The District Court held that Serena Tonkovich was not justified in using force likely to cause death or serious bodily harm. The record contains substantial evidence to support the findings of fact and conclusions of the District Court. We therefore affirm the judgment of the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4