No. 13001

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

-------------

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

MARTHA ELLEN LONGACRE,

Defendant and Appellant.

-------------

Appeal from: District Court of the Fourth Judicial District,
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellant:

Gille V.Wooten argued, Missoula, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas A. Budewitz, Assistant Attorney General,
argued, Helena, Montana
Robert L. Deschamps, County Attorney, Missoula,
Montana

-------------

Submitted: November 12, 1975

Decided: NOV 19 1975

Filed: NOV 19 1975

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by defendant from a conviction of two misdemeanors (1) driving while under the influence of intoxicating liquor, and (2) driving without a valid driver's license.

Defendant Martha Cooper Longacre was charged and convicted of those offenses in the justice court of Hellgate Township before J. G. Lamoreaux, justice of the peace. She appealed and a trial de novo was had in the district court of Missoula County before the Hon. Jack L. Green, sitting without a jury. Defendant was again convicted. She appeals from the district court conviction.

The issue on appeal is the sufficiency of the evidence to support the conviction. This issue focuses on whether defendant or her 14 year old daughter was driving.

During the evening of September 12, 1973, defendant and her daughter were involved in a one car collision with an abutment on the bridge across the Blackfoot River on Interstate 90 about two miles east of Missoula, Montana. When Highway Patrolman Dallas Atkins arrived at the accident scene, defendant was seated behind the wheel in the driver's seat with her daughter in the passenger seat alongside. Both were injured. Terry Peterson, an ambulance attendant, testified that it was hard to get defendant out of the vehicle as she was wedged in. He testified defendant made some reference that this would do something to her driver's license.

Defendant and her daughter were transported by ambulance to the emergency room in St. Patrick's hospital in Missoula. According to Highway Patrolman Atkins, defendant told him at the hospital that she was the driver. He also testified, and the daughter admits, that the daughter also told him defendant was the driver. Later defendant and her daughter changed their statements and claimed the daughter was driving; that defendant was in no condition to drive;

that they switched seats following the accident to protect the daughter from the expected wrath of her stepfather; and, to enable the daughter to get a driver's license on completion of her driver's training.

Blood alcohol tests were taken of defendant which showed .37 alcohol by weight volume in her blood. Defendant admitted she was highly intoxicated by reason of drinking liquor and taking a prescription drug classified as a depressant and tranquilizer. Defendant also admitted she had no driver's license.

The testimony of defendant and her daughter at the trial that the daughter was driving simply created a conflict in the evidence that the trial court resolved against the defendant. It is the function of the trier of the facts, in this case the trial judge, to determine the credibility of the witnesses and the weight to be given their testimony and he may pick and choose which of the witnesses are to be believed from a consideration of all the evidence. State v. Medicine Bull, Jr., 152 Mont. 34, 445 P.2d 916. On appeal we simply determine if there is substantial evidence to support the defendant's guilt beyond a reasonable doubt. State v. Stoddard, 147 Mont. 402, 412, P.2d 827; State v. White, 146 Mont. 226, 405 P.2d 761.

Here the physical facts at the accident scene, the testimony of the highway patrolman and the ambulance attendant, the admissions of defendant and her daughter, and the blood alcohol test constitute substantial and sufficient evidence to support the conviction of defendant on both charges.

The judgment of the district court is affirmed.

_____
Justice

- 3 -

We Concur:

_James T. Harrison_
Chief Justice

_Wesley Castles_

_Gene B. Daly_

Justices.