No. 84-404

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

STATE OF MONTANA,

            Plaintiff and Respondent,

    -vs-

RANDALL CLIFFORD BOYER,

            Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                In and for the County of Lake,
                The Honorable Robert M. Holter, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Brian J. Smith, Polson, Montana

        For Respondent:

            Hon. Mike Greely, Attorney General, Helena, Montana
            John R. Frederick, County Attorney, Polson, Montana

Submitted on Briefs:   Jan. 31, 1985

                   Decided:   February 21, 1985

Filed:

_____
               Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is the second time this case has been before us on appeal. In November 1980, defendant Boyer was convicted in a jury trial in the Fourth Judicial District, Lake County, of two counts of sexual intercourse without consent and one count of aggravated kidnapping. He was sentenced to 30 years on each count of sexual intercourse without consent and 10 years for the aggravated kidnapping. All sentences are to run concurrently.

Defendant's conviction stems from a series of events that took place in Missoula and Lake Counties on April 16 and 17, 1980. Defendant appealed his conviction and raised two issues for our consideration, to-wit: (1) lack of a speedy trial; and (2) ineffective assistance of counsel. On February 28, 1984, we decided State v. Boyer (Mont. 1984), 676 P.2d 787, 41 St.Rep. 321. We held that Boyer was not denied a speedy trial but the record was not sufficient to determine whether Boyer was denied the effective assistance of counsel. Accordingly, we remanded the case to the District Court for an evidentiary hearing and ruling on the motion for a new trial.

A hearing was held on June 14 and 15, 1984 in Lake County, Judge Holter presiding. Several witnesses testified at the hearing including the defendant Boyer, his trial counsel Harris, Judge Henson who heard the original case, Mr. Heinz, the prosecuting attorney, and witnesses Hammond, Reikena and McDonald who defendant claims could have provided a defense for him at trial but were not called by trial counsel Harris. The testimony at the hearing addressed all

the factual issues surrounding defendant Boyer's contention that trial counsel was incompetent. Findings of fact and conclusions of law were issued on August 6, 1984 and defendant's motion for a new trial was denied. From the denial of this motion, defendant appeals.

Defendant presents two related issues on appeal. Does the evidence support the findings and conclusions of the District Court? Does the record show the defendant was denied effective assistance of counsel?

We shall address the first issue and determine whether the findings of the District Court are supported by the evidence. Only after a factual record is established can we view the conduct of trial counsel to ascertain whether such conduct deprived the defendant of a constitutional right.

The evidentiary hearing on remand is a fact-finding process within a criminal case so the standard of review is the same as for criminal bench trials. There must be substantial evidence to support the findings of the trial court. See State v. Duncan (1979), 181 Mont. 382, 387, 593 P.2d 1026, 1030. Using this standard, we view defendant's specific contentions.

Defendant contends trial counsel Harris did not visit him often enough in jail to adequately prepare a defense. The trial court found 20 hours by defendant's estimate and 40 hours by Harris' estimate were spent with defendant in jail. The trial court explained the discrepancy in the jail log by the fact that Harris stated he visited defendant in conjunction with seeing other clients at the jail and this was not reflected by the log. The court found Harris spent between 250 and 300 hours preparing for trial. The record containing the testimony of defendant, Harris, and the jailer

support the court's findings and we hold finding of fact no. 3 is supported by substantial evidence.

In finding of fact no. 4a the court found that Harris contacted potential witnesses Hammond and Riekena and neither had any information that would have been helpful to defendant's case. The testimony as to whether or not these witnesses were contacted by Harris is inconsistent. We need not decide whether this finding was erroneous because it is undisputed that neither Hammond nor Riekena could provide any information concerning the events of April 15 and 16, 1980 that could help provide a defense to defendant for the crime which he was charged. They so testified at the hearing.

Defendant's argument that trial counsel was negligent for not examining the victim's clothing is without merit. The trial court found that the evidence could only show the presence of menstrual blood and this would not have helped defendant's case. It would not have proven the victim did not sustain injuries. Defendant himself stated what he thought it would prove when he stated at the hearing, "Well, it would prove that all the blood didn't come from those lacerations. That's what it could prove."

The fact that Harris did not take depositions of various witnesses after procuring an order allowing him to take the depositions is insignificant. Defendant refused to pay for those depositions. All the witnesses testified at trial and defendant shows no prejudice or inadequate cross examination from the failure to obtain depositions. The findings of the trial court are supported by substantial evidence.

Defendant contends the District Court's finding of fact no. 4(d) that Harris spent sufficient time reviewing witness statements with defendant is erroneous. The court chose to

believe Harris and not defendant. "It is the function of the trier of facts, in a case tried to the judge, to determine the credibility of the witnesses and the weight to be given the testimony and he may pick and choose which of the witnesses are to be believed from a consideration of all the evidence. State v. Medicine Ball Jr. (1968), 152 Mont. 34, 445 P.2d 916 . . ." State v. Longacre (1975) 168 Mont. 311, 313, 542 P.2d 1221, 1222. We hold the court's determination that trial counsel Harris spent sufficent time consulting with defendant and that he reviewed statements and other evidence with the defendant in preparation for trial is supported by substantial evidence.

The right to be represented by counsel is guaranteed to the criminal defendant by the Sixth Amendment to the United States Constitution and by Article II, Section 24 of the Montana Constitution. The right to counsel guaranteed is not only the presence of counsel but the effective assistance of counsel. In State v. Rose (1980), 187 Mont. 74, 86-87, 608 P.2d 1074, 1080-81, we set forth a standard to measure the effectiveness of the trial counsel under Montana's Constitution. Persons accused of crime are entitled to the effective assistance of counsel acting within the range of competence demanded of attorneys in criminal cases. The specific acts or omissions of trial counsel must prejudice the defendant's case. The prejudice must be of such a nature and magnitude that defendant is denied a fair trial.

Recently the United States Supreme Court set forth standards governing the ineffective assistance of counsel in Strickland v. Washington (1984), ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674. The Court adopted the following two-pronged test:

- 5 -

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., 80 L.Ed.2d at 693.

Defendant failed to demonstrate to the trial court at the remand hearing or to this Court on appeal that he was deprived of a fair trial by ineffective assistance of counsel. We affirm the order denying defendant a new trial and affirm his conviction.

The State moved this Court to amend the statement of facts recited in our original opinion, State v. Boyer (Mont. 1984), 676 P.2d 787, 41 St.Rep. 321. We have reviewed this statement of facts and find it to be a concise and accurate recitation of the essential facts on which the defendant was convicted. Including additional facts containing lurid details would not aid in illuminating the issues in this case. They would be surplusage. Motion denied.

Order denying new trial is affirmed.

Conviction affirmed.

Motion to amend facts is denied.

_____
                    Justice

We Concur:

_____
Chief Justice

_____

- 6 -

_____

_____
Justices