No. 84-356

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

STATE OF MONTANA,

            Plaintiff and Respondent,

    -vs-

CLIFFORD GRANT,

            Defendant and Appellant.

---

APPEAL FROM:  District Court of the Eighth Judicial District,
              In and for the County of Chouteau,
              The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Clifford Grant, pro se, Havre, Montana

        For Respondent:

            Hon. Mike Greely, Attorney General, Helena, Montana
            Allin Cheetham, Choteau County Attorney, Fort Benton,
            Montana

---

                        Submitted on Briefs:   June 19, 1985

                                  Decided:   August 22, 1985

Filed:    AUG 22 1985

            *Ethel M. Harrison*
---
                        Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Following a non-jury trial in the Eighth Judicial District Court, County of Choteau, defendant Clifford Grant was convicted of the offense of operating a motor vehicle while designated an habitual traffic offender, in violation of § 61-11-213, MCA. Grant was sentenced to one year in the Choteau County Jail, with six months suspended and given credit for 16 days already spent in the jail. Defendant appeals.

Choteau County Deputy Sheriff David Baker observed a small red car leave the highway, turn onto a road and proceed underneath a railroad bridge outside of Loma, Montana, on the evening of January 25, 1984. Since it seemed unusual for a car to be in that loctaion, Deputy Baker also pulled off the road to observe the vehicle and its occupants. Once the dome light in the car came on, the deputy observed the occupants with his field glasses, noting both the hair color and clothing of each individual. When the occupants lit a pipe, Deputy Baker approached the car and asked the passenger, William Buerkle, to roll down his window. The smell of marijuana was prevalent and a pipe lay on the car seat. Both occupants were immediately arrested for possession of drug paraphernalia.

A driver's license check revealed that the individual in the driver's seat, defendant Grant, had been declared an habitual traffic offender in August of 1983. Deputy Baker informed Grant that he would be issued a notice to appear for operating a vehicle while designated an habitual traffic offender. The two were then escorted to the Sheriff's office and "booked."

An affidavit and motion for leave to file an information charging defendant with the traffic offense was filed in the District Court on February 8, 1984. The information was

2

issued. That same day, defendant made his initial appearance in court on that charge. Defendant requested a court-appointed attorney and the proceeding was continued. The trial judge also set bail at $500, noting that defendant was presently "serving some kind of a sentence out of the Justice Court here in Fort Benton," but that once that sentence was served, defendant could post his bail.

Defendant's attorney entered a plea of not guilty for him at his arraignment on March 14, 1984, and a non-jury trial was held April 11, 1984. At trial, Deputy Baker testified that the individuals he had observed through his field glasses occupied the same seats when he arrived at the car; that he had not noticed any switching of places; and that he had not observed the opening of any car door.

Defendant's father, Charles Grant, testified that he requested his son and William Buerkle to drive the car from Havre to Great Falls on January 25, 1984, and to attempt to trade the car for another. He requested Buerkle to drive the automobile as his son no longer had a valid driver's license.

William Buerkle testified that he drove the car from Havre to Great Falls and from Great Falls to the turnoff near Loma. The car then became stuck in the mud and defendant took over the driver's seat in an effort to free the car. Upon cross-examination of Buerkle, the State introduced an affidavit signed by Buerkle on February 8, 1984, stating that defendant had driven the automobile from Great Falls to Loma.

The defendant's testimony was generally consistent with that of William Buerkle.

The trial judge found the February 8, 1984, statement of William Buerkle to be more credible than his testimony at trial. Relying on Buerkle's affidavit and Deputy Baker's testimony, the judge found the defendant guilty of operating a motor vehicle while being adjudged an habitual traffic offender.

3

Defendant raises eleven issues in a pro se appeal of his conviction. The State condenses those issues into three major categories. With some amplification, we find the State's issues to be adequate.

1. Whether defendant's attorney acted within the range of competence demanded of attorneys in criminal cases?

2. Whether the District Court properly admitted the statement signed by Buerkle?

3. Whether defendant's due process rights were violated?

I.

Ineffective assistance of counsel requires specific acts or omissions by counsel which prejudice defendant's case and result in the denial of a fair trial. State v. Boyer (Mont. 1985), 695 P.2d 829, 831, 42 St.Rep. 247, 250. In Boyer, we adopted the test set forth by the United States Supreme Court for determining when ineffective assistance of counsel has occurred.

> "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), ____ U.S. ____, ____, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693.

Defendant points us to no evidence in support of his allegation that his counsel's performance was deficient. Furthermore, he has failed to prove his counsel's error deprived him of a fair trial. Therefore, we find no merit to defendant's claim of ineffective assistance of counsel.

II.

Defendant contends that the State's failure to include a reference to William Buerkle's February 8, 1984, sworn statement in its affidavit and motion for leave to file the

4

information against defendant imposed ex post facto law on defendant. Defendant misunderstands ex post facto law.

> "[A]ny statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto." Beazell v. Ohio (1925), 269 U.S. 167, 169-170, 46 S.Ct. 68, 68, 70 L.Ed. 216, 217.

Buerkle's prior statement has none of these effects. The law controlling the operation of a motor vehicle while designated an habitual traffic offender was the same when defendant performed the offense as it was when defendant was tried. There is no ex post facto problem.

In addition, pursuant to § 26-1-302(7), MCA, and Rule 613, Mont.R.Evid., the February 8, 1984, statement was admissible as a prior inconsistent statement. Buerkel was given the opportunity to explain the statement. Once the opposing statements were admitted, it was within the province of the fact finder, in this case the trial judge, to determine which statement was more credible. We find no error in the trial court's reliance on the prior inconsistent statement.

III.

Defendant's due process rights have not been violated.

A.

Defendant contends that failure to file until February 8, 1984, the information charging him with the traffic offense prejudiced him and violated §§ 46-7-101 through -103, MCA. Defendant raises this issue for the first time on appeal. Therefore, we will not consider it.

B.

The judge did not err in ordering a presentence investigation. Pursuant to § 46-18-111, MCA, the judge, in his discretion, may order a presentence investigation when the potential penalty is less than one year in prison. The judge explained his reasons for the investigation, stating:

5

"Now, because there is a substantial penalty involved here in this case, I don't want to sentence you at this time. I do want to obtain a record of your traffic violations, and I do want to order a presentence report here to be prepared by the probation office before I sentence you on this charge . . . ." Tr. p. 61.

### C.

Defendant has failed to show how spending one week at Hill Top Recovery Center, from May 31, 1984 until June 6, 1984, prejudiced his appeal. His initial brief was not filed until February 21, 1985.

### D.

Punishment of defendant at this time is not contrary to the Montana Constitution. Defendant created the delay when he chose to post bail pending this appeal.

The conviction and sentence of defendant is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

6