No. 85-537

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JOHN PROBERT, SR.,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourteenth Judicial District,
In and for the County of Musselshell,
The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Nye & Meyer; Jerrold L. Nye, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
George Schunk, Asst. Attorney General, Helena
John L. Pratt, County Attorney, Roundup, Montana

---

Submitted on Briefs: March 13, 1986

Decided: June 5, 1986

Filed: JUN 5 - 1986

_Ethel M. Harrison_
_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Probert appeals from his Musselshell County District Court jury trial and conviction for assault.

We affirm.

Probert raises three issues on appeal:

1. Whether his conviction under § 45-5-201(1)(a), MCA, is unconstitutional?

2. Whether the District Court properly instructed the jury as to the applicable law under which they must decide the case?

3. Whether Probert received effective assistance of counsel?

The victim in this case, John Probert, Jr., is the defendant's son. John was a problem child in the two years preceeding the assault, both to his parents and school authorities. In those years, John saw the school counselor daily at first, then weekly. He was spanked several times by the school principal under strict controls and was not bruised or otherwise injured by the spankings. In January, 1985, two counselors told Probert and his wife that spanking had become an ineffective means of modifying John's behavior. From that date on, the school no longer spanked John.

On April 23, 1985, Probert returned home after six weeks on the road driving a truck. Upon returning home, Probert learned that John, then nine years old, had set several fires, broken the windshield of a pickup, cut spark plug wires in the car, scattered gunpowder throughout the family trailer, cut down several small trees, vandalized a motorcycle, stole $20, run away with his younger sister for

several hours, and destroyed or stolen other items. Probert delivered 20 lashes on John's buttocks and legs with a leather belt.

The following day John showed his back side to a janitor. John's back was welted and bruised severely from the knees to the lower back. The janitor reported what he had seen to school authorities. Pictures of John's back were taken that day, and the sheriff and social services workers were notified. Assault charges were filed against Probert because of the incident.

The matter came to trial before a jury on June 25, 1985. The jury found Probert guilty of assault. Probert was given a three year deferred sentence conditioned upon his spending 30 days in the Musselshell County Jail and undergoing proper counseling. Probert appeals.

The first issue raised by Probert is whether §§ 45-5-201(1)(a) and (3), MCA, are unconstititutional? That statute states:

> (1)   A person commits the offense of assault if he:
>
> (a)   purposely or knowingly causes bodily injury to another;
>
> . . .
>
> (2)   Except as provided in subsection (3), a person convicted of assault shall be fined not to exceed $500.00 or be imprisoned in the county jail for any term not to exceed 6 months, or both;
>
> (3)   If the victim is less than 14 years old and the offender is 18 or more years old, the offender, upon conviction under subsection (1)(a), shall be fined not to exceed $50,000.00 or be imprisoned in the state prison for a term not to exceed 5 years, or both.

Bodily injury is defined in § 45-2-101(5), MCA, as "physical pain, illness, or any impairment of physical

condition and includes mental illness or impairment." The other pertinent statute is § 45-3-107, MCA, which states:

> A parent . . . is justified in the use of such force as is reasonable and necessary to restrain or correct his child.. . .

Probert argues that the assault statute is unconstitutional as it fails to give a parent fair notice of the conduct prohibited. A parent may legally discipline his child with the purpose of causing bodily injury to that child if the disciplinary action is reasonable, but the statutes give no aid in determining what is reasonable. Therefore, the assault statute is unconstitutionally vague.

It is the law of this State that a defendant cannot appeal an issue which was not raised at trial. Section 46-20-104(2), MCA. Three exceptions are codified at § 46-20-702, MCA. Those exceptions are:

> (1) [T]he right asserted in the claim did not exist at the time of the trial and has been determined to be retroactive in its application;
>
> (2) the prosecutor, the judge, or a law enforcement agency suppressed evidence from the defendant or his attorney that prevented the claim from being raised and disposed of; or
>
> (3) material and controlling facts upon which the claim is predicated were not known to the defendant or his attorney and could not have been ascertained by the exercise of reasonable diligence.

None of these exceptions apply in this case. Since the constitutional challenge was not raised at trial and does not fall within the exceptions listed above, we will not address the argument on appeal.

Probert's second issue is whether the District Court properly instructed the jury as to the applicable law under which they must decide the case? Probert alleges four errors in the instructions. First, he argues the jury was not instructed of the crime charged. This is incorrect. Jury

- 4 -

instruction no. 1 states that Probert was accused of the offense of assault, and instruction no. 2 contains the statutory definition of assault. The jury was properly instructed of the crime charged.

Second, he argues the jury was never instructed on the necessary elements which the State must prove, specifically the jury was told a parent must use reasonable force to discipline his child, but the jury was given no instruction as to what constitutes reasonable force. In State v. Straight (1959), 136 Mont. 255, 347 P.2d 482, we stated that the jury should consider all the facts and circumstances surrounding the punishment to determine whether it was reasonable, and we listed factors for the jury to consider. However, we have never held that those factors must be included in a jury instruction. The record indicates that the jury was given an opportunity to consider all the factors. The jury then was instructed that a parent is justified in the use of such force as is reasonable and necessary to correct his child. No further instruction elaborating what is "reasonable" is necessary.

Probert next argues the jury was not instructed on the State's burden to prove its case beyond a reasonable doubt or on the elements of felony assault. He is not correct. The jury was informed three times in instruction no. 1 of the "reasonable doubt" standard, and reasonable doubt was defined in that instruction. Further, Probert was charged and convicted of assault, not felony assault or misdemeanor assault. The fact that the possible sentence for assault is greater when the victim is age 14 or younger and the defendant age 18 or older is not an element of the crime of assault, but relates to sentencing only. Sentencing is the

- 5 -

exclusive province of the judge. Section 46-18-103, MCA. The jury was properly instructed as to the elements of the crime of assault.

Finally, Probert argues the jury should have been instructed there was a lesser-included offense of misdemeanor assault for which he could be convicted. Misdemeanor assault is not a lesser-included offense of felony assault. As stated above, defendant was convicted of assault. The elements of assault are purposely or knowingly causing bodily injury to another. The fact that an assault conviction may subject the defendant to either a misdemeanor or felony sentence is not an element of the crime of assault, but an aspect of sentencing. The jury need not be instructed that the victim must be age 14 or younger and defendant age 18 or older. So long as the parties' ages are established in the record (which they are), and the jury is instructed on the elements of assault there is no error. Probert's jury instruction arguments are not persuasive.

Probert's final issue on appeal is whether he received effective assistance of counsel? In State v. Rose (1980), 187 Mont. 74, 86, 608 P.2d 1074, 1081, this Court stated that a criminal defendant is entitled to the effective assistance of counsel acting within the range of competence demanded of attorneys in criminal areas. This standard was refined in State v. Boyer (Mont. 1985), 695 P.2d 829, 42 St.Rep. 247, wherein we stated:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the

defendant of a fair trial, a trial whose results are reliable.

Boyer, 695 P.2d at 831 (quoting Strickland v. Washington (1985), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674).

To show prejudice:

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of a proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

State v. Robbins (Mont. 1985), 708 P.2d 227, 232, 42 St.Rep. 1440, 1444 (quoting Strickland, 466 U.S. 668).

The above standards must be applied to the errors allegedly committed by Probert's trial counsel. Probert alleges his counsel committed six major errors. They are: (1) failure to prepare jury instructions; (2) failure to object to jury instructions; (3) failure to object to improper rebuttal witnesses; (4) failure to object to hearsay testimony; (5) failure to challenge the constitutionality of the assault statute; and, (6) failure to exclude prejudicial irrelevant facts.

Counsel's failure to prepare or object to jury instructions is not error. The jury was instructed as to the crime charged, the State's burden, the parental privilege statute, and the definition of bodily injury. No further instructions are required.

Regarding counsel's failure to object to rebuttal witnesses, there was no error. Witness Hanson rebutted Probert's claim that there had not been a beating, but merely a spanking. Witness Edes rebutted Probert's claim that his son did not fear him. The witnesses were proper.

Counsel's failure to object to hearsay was error. The victim did not testify, but several witnesses related to the

- 7 -

jury the boy's statements to them regarding the incident. However, we cannot say that the error was so prejudicial as to undermine confidence in the outcome of the case. Probert admitted punishing John. The issue was the reasonableness and necessity of the punishment. Probert testified that he administered 20 lashes to his son with a leather belt, and witnesses and admissible photographs clearly detailed the extent of his injuries. While it was error for defense counsel to fail to object to hearsay testimony, the error was not so prejudicial as to amount to ineffective assistance of counsel.

Counsel's failure to raise the constitutional challenge is not error. There is a difference between ineffective assistance and counsel's tactical decisions in defense of a case. We have held before that the decision of whether or not to challenge the constitutionality of a statute is a matter of legal judgment. State v. Maldonado (1978), 176 Mont. 322, 336, 578 P.2d 296, 304.

Probert's final allegation merits discussion. He alleges his counsel failed to exclude prejudicial and irrelevant facts, specifically that John was removed from his parents' home by the State the night after the incident. Probert claims this evidence prejudiced his defense to such an extent as to undermine confidence in the trial. The jury, instead of determining whether the punishment was reasonable and necessary was ruling on whether removal of the child from the home was necessary and proper. Probert's argument has some merit. His counsel should have objected to this evidence as irrelevant to the issue at trial. Her failure to do so clearly constitutes error. However, we do not agree that the evidence unfairly prejudiced the defendant.

- 8 -

Probert's own testimony established the fact and extent of the punishment, the admissible testimony of State's witnesses established the severity of the injuries, and the photographs fairly and accurately depicted the injuries.    There was abundant evidence supporting the jury verdict, and we do not agree that testimony regarding removal of the child from his home confused the jury or unfairly prejudiced the defendant or amounted to ineffective assistance of counsel.

For the reasons stated above, the verdict and sentence below are affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices