MR. JUSTICE HUNT,
dissenting:
The majority today provides the means by which the defendant may be tried twice for the same offense. Accordingly, I dissent.
In its opinion, the majority holds that the substitute judge should not be accorded the same deference upon review as is normally accorded trial courts because it reviewed only a partial transcript of the proceedings. It then proceeded to discuss only one incident that was an “example” of counsel’s inexperience, namely failing to object to an improperly filled out rights cards. It was the partial transcript of this incident that the substitute judge reviewed along with the parties’ briefs and District Court record, and it was this incident which the substitute judge found was not manifest necessity for a mistrial. Although the majority has reviewed the whole record, it does not point to any other example of “ineffectiveness” and confines itself to a discussion of the very incident the substitute judge reviewed.
It is clear to me that the substitute judge should have been given more deference by the majority than he was. Declaring a mistrial is an extreme measure which should be used with great caution. State v. Carney (Mont. 1986), [219 Mont. 412,] 714 P.2d 532, 535, 43 St.Rep. 54, 59. Reviewing courts must be satisfied that the trial court exercised sound discretion in declaring a mistrial. Arizona v. Washington (1978), 434 U.S. 497, 514, 98 S.Ct. 824, 835, 54 L.Ed.2d 717, 733. The majority has discussed only one instance of defense counsel’s possible “inadequacy.” The trial court cited no particular incident that prompted its action, nor has the majority explained *393 any other event that showed inadequate representation other than the one also reviewed by the substitute judge. It seems to me that the substitute judge balanced the defendant’s constitutional interest with the public’s interest in prosecution and, not surprisingly, came out in favor of the Constitution.
Montana has adopted and refined the two-pronged test for ineffective assistance of counsel set out by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. See, State v. Robbins (Mont. 1985), [218 Mont. 107,] 708 P.2d 227, 42 St.Rep. 1440. The Strickland test is as follows:
“First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.”
Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.
In Robbins, this Court stated that a counsel’s assistance is constitutionally effective if he or she acts “ ‘within the range of competence demanded of attorneys in criminal cases.’ ” Robbins, 708 P.2d at 231, quoting State v. Rose (1980), 187 Mont. 74, 86, 608 P.2d 1074, 1081. If an attorney’s conduct fails this first step then it must be shown that the error resulted in prejudice and “ ‘stemmed from neglect or ignorance rather than from informed professional deliberation.’ ” Robbins, 708 P.2d at 231, quoting State v. Morigeau (1982), 202 Mont. 36, 44, 656 P.2d 185, 189. Robbins concerned the defendant’s claim that his attorney had, inter alia, failed to make a motion to suppress some properly seized evidence, namely stolen guns. This Court discovered nothing in the record that supported any of the defendant’s claims.
In fact, the failure to make the above motion was sound professional judgment considering there were no irregularities in Robbins’ arrest or in the seizure of the evidence. Robbins, 708 P.2d at 232. Of particular interest is the recent decision of State v. Probert (Mont. 1986), [221 Mont. 476,] 719 P.2d 783, 43 St.Rep. 988, in which the court held that although counsel’s failure to object to hearsay was *394 error, it was not prejudicial. The Court also recognized that “[tjhere is a difference between ineffective assistance and counsel’s tactical decisions in defense of a case.” Probert, 719 P.2d at 787.
I disagree with the majority’s assertion that the Strickland test is not applicable to the case at hand because it was not a completed trial. The United States Supreme Court does not limit its decision in such a manner. In fact, Strickland itself arose not out of a trial proper but out of a post-trial capital hearing proceeding which the court claimed was “adversarial” enough in nature to warrant application of the test. The proceeding we are concerned with was an actual trial, although an uncompleted one. Perhaps the full Strickland test is not appropriate in proceedings terminated sua sponte by the presiding judge but its general thrust is, especially when the trial is interrupted because the court feels ineffective assistance is taking place. If we do not measure the court’s soundness of decision in a manner at least similar to Strickland, how else are we to review the decision?
Defendant argues that what Judge Olson perceived as ineffective assistance of counsel was in fact a tactical plan designed to promote the eventual impeachment of the State’s witnesses. Moran’s counsel made many appropriate motions and objections before and after trial. There appears to be only one place during the trial proceedings where Judge Olson was concerned with defense counsel’s conduct. This instance was thoroughly examined by the substitute judge and found not to rise to the level of ineffective assistance of counsel. This conclusion deserves every deference normally accorded trial court decisions.
MR. JUSTICE SHEEHY concurs in the foregoing dissent.