No. 87-526

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

ERNIE LEE HOCH,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Fifteenth Judicial District,
               In and for the County of Roosevelt,
               The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Ernie Lee Hoch, pro se, Spokane, Washington

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        George Schunk, Asst. Atty. General, Helena
        James A. McCann, County Attorney, Wolf Point, Montana

---

Submitted:    September 29, 1988

Decided:    November 1, 1988

Filed:      '88 NOV 1 AM 9 53

          _____
                      Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The defendant, Mr. Hoch, was found guilty of sexual assault by a jury in the District Court of the Fifteenth Judicial District, Roosevelt County. He was sentenced to five years in prison with three years suspended. Mr. Hoch appeals his conviction and sentence. We affirm. The issues are:

1. Did the District Court err in denying the defendant's request for disqualification of the judge?

2. Was the defendant denied the effective assistance of counsel?

In May 1986, Mr. Hoch's 13-year-old sister-in-law came to live with the Hochs and their two children because her own home life was unstable. The sister-in-law testified that she had been sexually abused on one occasion by her natural father and was undergoing counseling for that abuse while living with the Hochs. She testified that during a counseling session, she admitted to the psychologist that she had also been fondled once by her brother-in-law, Mr. Hoch. According to her testimony, the incident involved a touching of one of her breasts while Mr. Hoch was rubbing suntan lotion on her back to relieve a sunburn. The sister-in-law testified that she consented to having Mr. Hoch apply the lotion, but was "shocked" and "scared" when his hand moved to her breast. The psychologist testified that the sister-in-law exhibited many of the symptoms of child abuse victims, including severe depression, embarrassment, and an attempted suicide, indicating that she was unable to cope with the effects of abuse.

Upon learning of the incident involving Mr. Hoch, the psychologist reported to social services, who contacted the Roosevelt County Attorney's office. The police report of the

county sheriff's office became the basis of an information charging Mr. Hoch with sexual assault.

## I

Did the District Court err in denying the defendant's request for disqualification of the judge?

Prior to the arraignment hearing, the defendant appeared in his own behalf and filed with the District Court an "Asseveration and Exception of Accusation." The asseveration stated in relevant part:

> That Judge M. James Sorte, is a defendant in a deprivation of rights suit commenced by the herein accused in February of 1987 . . . . That by the above Asseveration of Fact, Judge M. James Sorte's prejudice and bias is obvious and therefore Judge M. James Sorte is hereby recused whether he leaves the bench or not and all orders, permissions, and/or warrants made, granted, or issued by him, past, present, or in the future are null and void.

During the arraignment proceeding, Mr. Hoch appeared pro se and objected to Judge Sorte presiding over the matter because of his bias and prejudice. Following this hearing Judge Sorte addressed Mr. Hoch's concerns as follows:

> Although it was not altogether clear to the Court, it seemed that Ernie Hoch was asking that this Judge be disqualified and although the Defendant is not timely in his request to disqualify the Judge, the Judge will deem the disqualification as appropriate and will be deemed disqualfied [sic] by Ernie Hoch.

> To keep this matter from being delayed, Judge Sorte will request the Honorable Leonard H. Langen to assume jurisdiction to hear this cause on the 22nd day of June, 1987, during the jury trial proceedings.

After Judge Sorte disqualified himself, Mr. Hoch attempted to make a peremptory challenge of Judge Langen, but

3

was refused on the grounds that he had previously exercised his one peremptory disqualification on Judge Sorte. Mr. Hoch then retained counsel and attempted to disqualify Judge Langen for cause, which was denied as untimely.

Mr. Hoch contends that his disqualification of Judge Sorte was for cause and that Judge Langen wrongly treated it as a peremptory challenge so as to preclude the exercise of a second peremptory challenge against Judge Langen. Section 3-1-802, MCA (1985), required that in a disqualification for cause, a timely and sufficient affidavit must be filed, alleging facts which establish personal bias or prejudice on the part of the judge. The statute also required that the affidavit be accompanied by a certificate of counsel of record stating that it has been made in good faith. Mr. Hoch contends that the asseveration qualifies as an affidavit, in which he states that Judge Sorte "is a defendant in a deprivation of rights suit commenced by the herein accused in February of 1987," and that "by the above Asseveration of Fact, Judge Sorte's prejudice and bias is obvious . . . "

Judge Langen found that Mr. Hoch had not complied with the statutory criteria in that no timely or sufficient affidavit was filed showing Judge Sorte to be biased or prejudiced against Mr. Hoch, and concluded Mr. Hoch was attempting to disqualify Judge Sorte for cause merely by filing a suit pro se against him. The District Court further concluded that we cannot condone efforts on the part of litigants to render the court impotent by filing suit against each substitute judge and then disqualifying him for cause. We agree with the District Court that Mr. Hoch failed to show any bias or prejudice on behalf of Judge Sorte which would disqualify him for cause. Furthermore, no certificate of good faith was filed as required by statute. While we recognize Mr. Hoch's pro se status, this Court has previously noted the importance

of the accompanying certificate when characterizing the nature of the disqualification in a pro se matter. See State v. Poncelet (1980), 187 Mont. 528, 540, 610 P.2d 698, 705. We conclude that Mr. Hoch's disqualification of Judge Sorte was not for cause.

It is true that Mr. Hoch did not file a formal peremptory challenge against Judge Sorte in the words and form required by § 3-1-802, MCA (1985). However, Judge Langen determined that the defendant's challenge to Judge Sorte had the same effect as a peremptory challenge and that Judge Sorte treated it as such. He then concluded that, "Since the Defendant exercised his only peremptory disqualification in order to recluse*Judge Sorte, he had exhausted the peremptory challenges allowed by Sec. 3-1-802, and his attempt to disqualify the undersigned Judge by peremptory challenge is void." Section 3-1-802, MCA, allowed a defendant only one substitution of a judge in a criminal case. Judge Langen was correct in determining that Mr. Hoch's peremptory challenge against him was of no effect.

*(sic, recuse)

## II

Was the defendant denied the effective assistance of counsel?

The principles governing a claim of ineffective assistance of counsel were set forth by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. This Court adopted the two-part test from Strickland to resolve these claims in State v. Boyer (Mont. 1985), 695 P.2d 829, 42 St.Rep. 247:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show the deficient performance

5

prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Boyer, 695 P.2d at 831.

Mr. Hoch first contends that the failure of his attorney to correct the attempt at disqualification constitutes ineffective assistance of counsel. We do not agree. We find that Mr. Hoch's dissatisfaction with the attempts to disqualify Judge Langen is attributable to his own procedural errors rather than any subsequent attempts of the attorney. By the time Mr. Hoch retained counsel, the judge had made his determination. Therefore, no deficient performance on the part of the attorney has been shown.

Mr. Hoch also contends that his attorney's comments to the jury on breast touching during voir dire and closing argument constitute ineffective assistance of counsel. Specifically, he objects to the statement made during voir dire: "The mere fact that Mr. Hoch has touched her breasts should not be enough to convict him . . ." and the statement made in closing argument: "In my lifetime, I have touched the breasts of women other than my wife more then [sic] a thousand times, in the course of walking down hallways, riding down or up elevators, and doing things like that."

Given the nature of the charge and the facts of this case, it was neither deficient nor prejudicial for defense counsel to comment in this manner. Counsel was merely emphasizing the prosecutor's duty to prove sexual intent on the part of the defendant. In this case, the prosecutor must prove intent to make sexual contact for the purpose of arousing or gratifying the sexual desire of either party, as opposed to an accidental touching. We conclude that the

6

record does not support the defendant's claim of ineffective assistance of counsel.

Affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices