No. 98-611

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 164N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RICHARD EUGENE URAIN,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard Eugene Urain, Deer Lodge, Montana (pro se)

For Respondent:

Joseph P. Mazurek, Attorney General, Patricia J. Jordan, Assistant Attorney General, Helena, Montana; Fred R. Van Valkenburg, Missoula County Attorney, Betty Wing, Assistant Missoula County Attorney, Missoula, Montana

Submitted on Briefs: May 27, 1999

Decided: July 8, 1999

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2. Richard Eugene Urain (Appellant), *pro se*, appeals from the order of the Fourth Judicial District Court, Missoula County, denying his petition for postconviction relief. We affirm.

¶3. On June 5, 1996, Appellant was charged by Information with six criminal offenses stemming from two separate occasions when he unlawfully entered the premises of Missoula Electric Coop, damaged property therein, and stole property therefrom. Counts I-IV of the Information detail the offenses committed by Appellant during the first break-in. As to these offenses, which were originally charged by complaint in Justice Court, Appellant signed a waiver of preliminary hearing and agreed to have his case filed in the District Court without a determination of probable cause. Counts V and VI of the Information detail the offenses committed by Appellant during the second break-in. These charges, which were originally filed in justice court by complaint and accompanied by an affidavit of probable cause, were later filed in the District Court without an accompanying affidavit of probable cause and with no waiver of preliminary hearing. Counts I-IV and Counts V-VI were consolidated for purposes of convenience and judicial economy. On July 23, 1996, the State of Montana (State) amended the Information to add Count VII, a felony charge of bail jumping. Appellant pleaded not guilty to all counts alleged in the Information.

¶4. On October 16, 1996, with the advice of his public defender, Margaret Borg (Ms. Borg), Appellant voluntarily changed his plea pursuant to a plea agreement. The State agreed to dismiss the charge of bail jumping and Appellant pleaded guilty to the remaining counts. In executing his change of plea, Appellant signed a written plea agreement and a written "plea of guilty and waiver of rights" form. In the

waiver of rights form, Appellant specifically waived his right to challenge the way in which the State proceeded against him. At sentencing, the District Court ordered Appellant to pay restitution, and to serve 25 years in prison with 10 years suspended.

¶5. In March 1997, Appellant moved for appointment of counsel outside the public defender's office to pursue an appeal or postconviction relief. The District Court appointed William Boggs (Mr. Boggs) to review the record regarding possible claims for appeal only. No appeal was filed. Appellant, appearing *pro se*, filed with the District Court a petition for postconviction relief alleging that both Ms. Borg and Mr. Boggs had rendered ineffective assistance of counsel. Regarding Ms. Borg, Appellant alleged that counsel failed to object to the State's filing of an Information on Counts V and VI without either an accompanying affidavit and determination of probable cause or a waiver of preliminary hearing. Appellant further alleged that Ms. Borg failed to consider abandonment as a defense to the charge of attempted theft. Regarding Mr. Boggs, Appellant alleged that counsel failed to contact him during his representation and failed to file an appeal or a petition for postconviction relief.

¶6. Pursuant to a court order, Ms. Borg and Mr. Boggs each filed affidavits in response to Appellant's allegations. After reviewing the evidence, the District Court concluded that Appellant's allegations were without merit and that neither counsel's performance was deficient. On this basis, the court denied the petition for postconviction relief.

¶7. Having reviewed the record, we agree with the District Court that Appellant's allegations of ineffective assistance of counsel are groundless. The record shows that Ms. Borg considered the above-stated procedural claim and defense raised by Appellant prior to his change of plea. Regarding the procedural claim that Appellant had not waived his right to a preliminary hearing, Ms. Borg determined that probable cause existed for Counts V and VI, and that, had she objected on this basis, the State simply would have filed the affidavit of probable cause. Thus, Ms. Borg determined this procedural claim to be of no practical effect. Regarding the defense of abandonment to the charge of attempted theft, Ms. Borg noted that the evidence did not support such a claim. She stated that she did not believe Appellant had effected a "voluntary and complete renunciation of his criminal purpose," as required by § 45-4-103(4), MCA, because he walked away from the truck only after all available means to steal the truck had been exhausted.

¶8. The record also shows that Mr. Boggs spoke with Appellant by telephone on January 14, 1998, at which time Mr. Boggs explained to Appellant why he thought Appellant's claims would not support an appeal. Like Ms. Borg, Mr. Boggs thought that no error or prejudice could be argued concerning Appellant's failure to waive a preliminary hearing for Counts V and VI because the county attorney undoubtedly would have filed an affidavit setting forth sufficient probable cause. Mr. Boggs further noted that Appellant's voluntary plea of guilty and waiver of rights effectively waived any challenge concerning prior defects in the proceedings. Mr. Boggs stated that he and Appellant decided that Appellant should pursue his petition for postconviction relief *pro se*.

¶9. To prevail on a claim of ineffective assistance of counsel, Appellant must show that counsel's performance was deficient, i.e. "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington (1984), 466 U.S. 668, 687; State v. Boyer (1985), 215 Mont. 143, 147, 695 P.2d 829, 831. Second, Appellant must show that he was prejudiced by his counsel's deficient performance and was denied a fair trial. Strickland, 466 U.S. at 687; Boyer, 215 Mont. at 147, 695 P.2d at 831. Appellant must overcome the presumption that the action which he challenges may be considered sound trial strategy. Counsel's trial tactics and strategic decisions are accorded great deference. State v. Gonzales (1996), 278 Mont. 525, 532-33, 926 P.2d 705, 710.

¶10. Applying these rules to the facts of this case, we determine that Appellant has not overcome the presumption that Ms. Borg's and Mr. Boggs' actions were sound trial strategy. Having pleaded guilty and having waived his rights, Appellant has no basis on which to challenge the State's proceedings against him. The record indicates that Appellant's plea of guilty and waiver of rights was entered knowingly and voluntarily. We conclude that Appellant has not satisfied his burden of proof under Strickland, and that the District Court did not err in denying his petition for postconviction relief.

¶11. Affirmed.

/S/ WILLIAM E. HUNT, SR.

No

We Concur:

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER