No. 13331

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

HAROLD ARMSTRONG,

Defendant and Appellant.

Appeal from:  District Court of the Third Judicial District,
Honorable Robert J. Boyd, Judge presiding.

Counsel of Record:

For Appellant:

Greg Skakles argued, Anaconda, Montana

For Respondent:

Hon. Michael Greely, Attorney General, Helena, Montana
Denny Moreen, Assistant Attorney General, argued,
Helena, Montana
James J. Masar, County Attorney, Deer Lodge, Montana

Submitted: March 21, 1977

Decided: APR - 6 1977

Filed: APR 6 977

_____
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant was convicted of an attempted escape from the Montana State Prison by jury verdict in the district court, Powell County. Honorable Robert J. Boyd, District Judge, denied defendant's motion for a new trial, entered judgment of conviction, and sentenced defendant to an additional term of three years in prison. Defendant now appeals from judgment of conviction.

On May 21, 1975, defendant Harold Armstrong and another inmate of Montana State Prison were reported missing from the 9:00 p.m. count. A search was instigated and they were located in a tunnel beneath the prison kitchen. Both inmates were wearing two sets of clothing. Two cut off shovels and two bottles of water were found in the tunnel.

An information was filed in the district court, Powell County, on May 29 charging the two inmates with an attempted escape, a felony, in violation of section 94-4-103, R.C.M. 1947. Defendant moved for leave to represent himself and have a named attorney appointed as co-counsel. Defendant's motions, in effect, were granted. Defendant Armstrong entered a plea of "not guilty". He moved that " * * * the original copy of the Information, all evidence and papers and sworn statements from the State's witnesses" be furnished him. The county attorney indicated that he would provide defendant with whatever documents he had on the case. The record does not disclose that the district court ever formally ruled on defendant's motion.

Thereafter defendant moved for severance of his trial from that of the other inmate. A separate trial was granted by the district court.

Defendant's case came on for trial on November 17, 1975. Following the swearing of the jury, the opening statement by

the state, and the reservation by defendant of his opening statement, the trial judge read an omnibus cautionary instruction to the jury substantially in the language of MJIG, Instruction No. 1.00.

Evidence was received on behalf of both the state and defendant. Defendant took the witness stand in his own behalf and admitted being in the tunnel under the prison kitchen. He claimed he did not intend to escape but simply wanted to draw the attention of the people, and the court to his dissatisfaction with the services of his court-appointed attorney on appeal from his conviction for murder and robbery in the district court, Yellowstone County.

During the course of the closing argument for the defense, defendant's attorney attempted to read a statement of the defendant to the jury as indicated by the following remarks:

> " * * * I will say that you can believe this from him, he has convinced me, and he did get the desired results because I am presently working on his appeal. Harold is quite an eloquent individual and last night he wrote down a few things, and I just don't like to read anything to a jury because it seems that it is put-on. He cannot understand of any plan that was ever presented by the State. He states that they presented no intent or an attempt to do anything. I think that they didn't present anything relative to the attempt unless it is guilt by location, or because it was attempt because he was down there --

> "MR. MASAR: We object to the reading of anything that has been written by the Defendant as improper argument, the Defendant was on the witness stand and could have testified, and this is improper argument outside the issues and improper argument.

> "THE COURT: That is improper argument, Counselor."

Thereafter defendant's attorney went on to argue other matters.

Defendant was convicted, his motion for new trial was denied, a judgment of conviction was entered, and he was sentenced to a three year term to be served consecutively with the term of imprisonment he was then serving. Defendant appeals.

Defendant assigns three specifications of error:

- 3 -

(1) Error by the district court in refusing to permit co-counsel for defendant to read a statement from defendant to the jury during final argument.

(2) Error by the district court in failing to rule on defendant's motion to produce all evidence, books, papers and sworn statements of state witnesses.

(3) Error by the district court in reading the omnibus jury instruction to the jury prior to the reception of evidence.

Directing our attention to the first issue, defendant contends that the refusal of the district court to permit his co-counsel to read defendant's statement to the jury constituted violation of his right to self-representation, a denial of assistance of counsel, and a prejudicial abuse of discretion.

We are advised by counsel for defendant that the statement of defendant consisted of argument, not evidence, and although we do not have a copy of the statement, we are advised that it dealt with lack of criminal intent.

Defendant's argument is based on the assumption that he should have had the right to address the jury himself in this case. This is not correct. Defendant's co-counsel had conducted the entire defense up to that point. There is no indication that defendant ever wished to participate in the opening statement, examination of witnesses, or argue before the judge or jury. Where a defendant is represented by counsel throughout the trial, he is not entitled, as a matter of right, to address the jury during closing argument. United States v. Dellinger, 472 F.2d 340 (1972), cert.den. 410 U.S. 970; State v. Brewer, 73 Wash.2d 58, 436 P.2d 473; Moore v. People, 171 Colo. 338, 467 P.2d 50. Because defendant had no right to address the jury personally he had no right to have his note read to the jury.

The second issue is whether the district court's failure

to rule on defendant's motion to produce "the original copy of the information, all evidence and papers and sworn statements from the state's witnesses" constitutes reversible error.

The record does not disclose that the judge ever ruled on the motion. As noted from what has been said heretofore, the county attorney agreed to provide defendant with whatever documents he had on the case. There is no complaint anywhere in the record by defendant that he did not receive these papers or that he was prejudiced in any way by the district court's failure to rule upon his motion. Any error which does not affect the substantial rights of the defendant constitutes "harmless error" and will not constitute grounds for reversal on appeal. Section 95-2425, R.C.M. 1947. Rule 14, M.R.App.Civ.P.

Finally defendant contends that the district court committed error in reading the general omnibus cautionary instruction to the jury prior to the reception of evidence without giving him any opportunity to object, argue its validity, or settle it in the manner of settlement of jury instructions at the conclusion of the evidence.

The giving of a preliminary jury instruction prior to the introduction of evidence is a common practice in the district courts of Montana and has been held proper in State v. McKenzie, ____Mont.____, 557 P.2d 1023, 33 St.Rep. 1043, citing section 95-1911, R.C.M. 1947.

Here defendant also failed to object to the giving of the preliminary instruction at any time thereafter during the trial. On appeal, this Court will not consider issues which defendant did not raise in the trial court. Spencer v. Robertson, 151 Mont. 507, 445 P.2d 48; Clark v. Worrall, 146 Mont. 374, 406 P.2d 822; State Highway Comm'n v. Yost Farm Co., 142 Mont. 239, 384 P.2d 277.

The judgment of conviction is affirmed.

_____
Justice

- 5 -

We concur:

_____

Chief Justice

_____

_____

_____

Justices

Mr. Justice Daniel J. Shea, deeming himself disqualified, did not participate.