No. 14482

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

STATE OF MONTANA,

      Plaintiff and Respondent,

-vs-

TERRANCE DWAYNE PATTON,

      Defendant and Appellant.

---

ORDER

---

Counsel for the Appellant, having filed a Motion To Strike, and good cause appearing therefrom;

IT IS HEREBY ORDERED that the names of the minor children contained in this Court's opinion of September 11, 1979 be stricken from such opinion.

DATED this 28th day of September ,1979.

_____
Chief Justice

FILED
SEP 28 1979
Thomas J. Kearney
CLERK OF SUPREME COURT
STATE OF MONTANA

No. 14482

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

STATE OF MONTANA,

              Plaintiff and Respondent,

   -vs-

TERRANCE DWAYNE PATTON,

              Defendant and Appellant.

Appeal from: District Court of the Third Judicial District,
              Honorable Robert J. Boyd, Judge presiding.

Counsel of Record:

   For Appellant:

       Greg Skakles argued, Anaconda, Montana

   For Respondent:

       Hon. Mike Greely, Attorney General, Helena, Montana
       Richard Larson argued, Assistant Attorney General,
        Helena, Montana
       James Masar, County Attorney, Deer Lodge, Montana

                     Submitted: September 11, 1979
                     Decided: SEP 2 5 1979

Filed: SEP 2 5 1979

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment of conviction after a jury verdict for sexual assault in the Third Judicial District, County of Powell.

Defendant was charged by information with two counts of sexual assault in violation of section 45-5-502, MCA. To each charge, defendant pleaded not guilty. Trial by jury commenced on February 27, 1978, and resulted in a hung jury on the first count and a finding of guilty on the second. On April 27, 1978, the Honorable Robert J. Boyd sentenced defendant to twenty years' imprisonment in the state prison. Defendant appeals from the judgment of conviction on the second count of sexual assault.

At the time of the incidents giving rise to the charges, defendant was 41 years of age. The complaining witness was 13 years of age and lived next door to defendant and was a frequent visitor at defendant's residence. Count I charged the defendant with sexual contact with the prosecutrix on December 17, 1977, at defendant's residence. Regarding this first incident, the prosecutrix testified that she went to defendant's residence to return a fish net. Defendant was alone at the time, and he invited her to stay and watch television, which she declined to do. The prosecutrix testified that defendant grabbed her by the arm, dragged her into his living room, forced her down on a couch, and assaulted her. She was able to break away from defendant and ran out the door. Defendant denied all of the foregoing, and the jury was unable to reach a verdict on this charge.

Defendant was convicted on the second charge, which stems from an incident occurring on January 21, 1978, in a

-2-

garage shared by defendant and the prosecutrix's father. The prosecutrix testified that she was in the garage at approximately 9:00 to 10:00 p.m. looking for a cookbook when defendant entered the garage, turned off the light and shut the door. She testified that defendant grabbed her and pushed her against a bench, forceably lowered her pants and his own and unsuccessfully attempted to have sexual intercourse with her, touching her breasts and touching between her legs with his hand. She further testified that she managed to get away from defendant and put her pants on and that her father opened the garage door and turned on the light as she was about to go out the door.

The father testified that he opened the partially opened garage door, turned on the lights and observed his daughter walking toward the door and defendant standing by the bench inside the garage. He testified that when he asked her what was going on she did not reply; she testified that she replied "nothing" because she was embarrassed.

Defendant's testimony was that he entered the garage to get a grease gun without turning on the lights because there was sufficient light from the lights in his residence coming through the window, that he saw the prosecutrix who said hello to him and that as he was leaving the garage, her father came in. He denied that he ever touched or assaulted the prosecutrix.

Before trial, defendant's attorney filed a motion in limine to suppress any testimony by two proposed prosecution witnesses regarding an alleged previous incident of sexual contact between the defendant and another apparently under-aged female:

"COMES NOW the defendant through his attorney and moves in limine that the testimony of prosecution witness G ~and K~ ~M~ relating to an alleged prior criminal act of the Defendant against G M be suppressed on the grounds that such testimony would be wholly irrelevant or that if at all relevant for any purpose the prejudicial effect of such testimony outweighs its probative value in light of the actual need of the prosecution to introduce it."

The following colloquy took place in chambers:

"THE COURT: Let the record show the following motions are held in chambers and outside the presence of the jury panel. Mr. Boggs?

"MR. BOGGS: Your Honor, I would like to file the defendant's motion in limine for suppression of certain evidence, copies of which have been previously served on Mr. Masar and I also have for filing on behalf of Mr. Masar a memorandum in opposition to that motion.

"THE COURT: Let the record show that the matter was presented by way of oral argument in chambers on Friday of last week at which time the Court considered the testimony and its provative [sic] value and concluded that the motion for suppression should be granted. In granting the motion I intend in no way to restrict the State from any proper rebuttal matters which may arise in the course of the defense of the case.

"MR. MASAR: For clarification, your Honor, I would ask -- it is my understanding that the motion in limine restricts any testimony by the two named witnesses, the M children, as opposed to any testimony with reference to those children?

"THE COURT: That is correct.

"MR. MASAR: Is that all, Mr. Boggs?

"MR. BOGGS: That is all at this time."

It is evident from this exchange that defendant's motion was granted and that this ruling precluded any testimony by the two named prosecution witnesses. It did not preclude all testimony whatsoever with reference to those witnesses. Defendant's attorney made no objection to the scope of this ruling, or any objection whatsoever at this time. Neither of the two proposed State's witnesses testified at trial.

During the examination of the prosecutrix, the State brought out that defendant had offered her a sweater-suit in return for sexual favors and told her that if she did not submit, he would give it to "G    " who had already performed such an act with him:

"Q. And he offered you the sweater. Did he ever make suggestions you couldn't get the sweater or you wouldn't receive the sweater? A. He would say that he tried with another girl, G   , which is -- I don't know, and then --

"Q. That was G   ? A. Yes. And if I wouldn't go up in the camper, he could give the suit to G    because G    did [it] once with him."

Defendant's counsel did not object to any of the foregoing questions or testimony. After this testimony was presented, the sheriff was called to the stand and asked if the name "G   " was mentioned in a statement given by the prosecutrix, to which he replied "yes" and identified G M   . Defendant's counsel made no objection to any questions asked of the sheriff.

The sole issue presented on appeal is whether or not the District Court's failure to exclude evidence of alleged prior unlawful acts of the defendant constitutes reversible error. The challenged evidence is testimony by the prosecutrix on direct examination, set forth above, as to a statement made to her by defendant that he had had sexual relations with "G   ," another underaged female. Defendant contends that this evidence is inadmissible under Rule 404(b), Mont.R.Evid., as evidence of another crime, and that his failure to object to it at trial does not preclude appellate review because his motion in limine to suppress preserved the objection and because the admission of this testimony was "plain error."

The procedural aspect of this appeal will be considered first. Defendant made no objection at trial to the testimony upon which this appeal is based. There can be no doubt that a District Court will not be put in error where it was not accorded an opportunity to correct itself. State v. Walker (1966), 148 Mont. 216, 223, 419 P.2d 300. The admissibility of evidence to which no objection is made cannot be reviewed on appeal. State v. Armstrong (1977), 172 Mont. 296, 562 P.2d 1129, 1132; State v. Dillon (1951), 125 Mont. 24, 30, 230 P.2d 764. The failure to object to or to move to strike testimony precludes objection on appeal. State v. Cripps (1978), ____ Mont. ____, 582 P.2d 312, 317, 35 St.Rep. 967. Notwithstanding his failure to object to the testimony at trial, defendant contends that his motion in limine to suppress preserved his objection for purposes of appeal, citing cases from other jurisdictions. It is not necessary for this Court to decide whether or not this rule applies in Montana, because it has no application to the facts in the present case.

Although defendant contends that the District Court was apprised of, and ruled against, defendant's position at the time it considered the motion in limine to suppress, so as to make any objection at the time of trial futile, this contention is not borne out by the record. Defendant's motion requested only that the court suppress any testimony by the two proposed prosecution witnesses. This motion was granted, and the two witnesses did not testify at trial. In the exchange which took place in chambers at the time of the District Court's ruling on the motion, set forth above, the District Court made it clear that its order did not preclude all testimony whatsoever with reference to the two proposed

-6-

prosecution witnesses, only testimony by those witnesses. Defendant's attorney did not object or give any indication that he opposed the scope of this ruling.

Defendant's second argument is that the alleged error committed by the District Court is reviewable under the "plain error" doctrine which is contained in the following statute:

> "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. Defects affecting jurisdictional or constitutional rights may be noticed although they were not brought to the attention of the trial court." Section 46-20-702, MCA. (Emphasis added.)

The sheriff was asked on direct examination if he had been able to determine who "G        " was, whereupon he replied "yes" and provided her last name. The defendant did not object to this testimony. He now asserts that it could only be based on secondhand knowledge, i.e., the statements of the victim, and that it was hearsay evidence which precluded cross-examination and deprived defendant of his constitutional right to confrontation. Therefore, defendant contends, it should be reviewable under the plain error doctrine as enacted by statute, despite defendant's failure to object at trial. These contentions are without merit. The sheriff's testimony was not hearsay as defined in Rule 801(c), Mont.R.Evid., and defendant was not deprived of his constitutional right of confrontation. There was no plain error which would justify this Court's review of the matter.

Although evidence of other crimes is generally inadmissible under Rule 404(b), Mont.R.Evid., there is an exception which makes such evidence admissible for the purpose of proving intent. Rule 404(b), Mont.R.Evid., provides:

-7-

> "Evidence of other crimes, wrongs, or acts is
> not admissible to prove the character of a per-
> son in order to show that he acted in conformity
> therewith. It may, however, be admissible for
> other purposes, such as proof of motive, oppor-
> tunity, intent, preparation, plan, knowledge,
> identity, or absence of mistake or accident."
> (Emphasis added.)

This rule of evidence is consistent with prior Montana case

law:

> "The general rule is that evidence of crimes
> other than the one for which a defendant is on
> trial is not admissible, but to this general
> rule there are exceptions, and one is where
> evidence is material as tending to show the
> intent or motive of the defendant in the com-
> mission of the offense for which he is on trial,
> notwithstanding the fact that it also tends to
> prove the commission by him of another offense."
> State v. Hollowell (1927), 79 Mont. 343, 349,
> 256 P. 380, 382. (Emphasis added.)

The offense of sexual assault with which the defendant

was charged required proof that he knowingly made sexual

contact for the purpose of arousing or gratifying the sexual

desire of either party.

> "A person who knowingly subjects another not
> his spouse to any sexual contact without con-
> sent commits the offense of sexual assault."
> Section 45-5-502, MCA.

> "'Sexual contact' means any touching of the
> sexual or other intimate parts of the person
> of another for the purpose of arousing or grati-
> fying the sexual desires of either party." Sec-
> tion 45-2-101(54), MCA.

Due process requires that the State must prove every

element of the offense as that offense is defined by state

law. Patterson v. New York (1977), 432 U.S. 197, 210, 97

S.Ct. 2319, 2327, 53 L.Ed.2d 281; In re Winship (1970), 397

U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368; State v.

Cooper (1979), ____ Mont. ____, 589 P.2d 133, 135, 36 St.Rep.

30, 32. Therefore, the element of intent was in issue as a

matter of law. This was not changed by the fact that defen-

dant completely denied committing the acts, rather than

-8-

admitting the acts but denying that he had the requisite intent as in State v. Jensen (1969), 153 Mont. 233, 238, 455 P.2d 631, where a chiropractor was convicted of a similar sexual offense after defending on the grounds that his acts with the prosecutrix were for the purpose of treatment.

The question then becomes one of whether or not the testimony of the prosecutrix is relevant to the issue of intent, and whether or not its probative value is outweighed by the danger of unfair prejudice. The rationale underlying Rule 404(b) and prior case law is that the evidence of other crimes generally should be excluded because it is irrelevant to the offense charged and highly prejudicial, and because the defendant may not be prepared to meet the extraneous charges. State v. Tiedemann (1961), 139 Mont. 237, 242, 362 P.2d 529; State v. Merritt (1960), 138 Mont. 546, 357 P.2d 683, 684; State v. Jensen, supra.

In the present case, the challenged testimony was relevant because defendant's statements to the prosecutrix regarding the sweater and his sexual relations with "Glenda" were evidence of his sexual desire for the prosecutrix and his intention to gratify it. This testimony was not offered to establish that defendant had committed other crimes; it was offered to prove that before he forceably assaulted her, defendant had verbally attempted to seduce the complaining witness. This being so, it was not crucial that the State demonstrate "similarity of crimes or acts, nearness in time, and tendency to establish a common scheme, plan or system," to establish the relevance of the evidence of defendant's other crimes. Jensen, 153 Mont. at 239, 455 P.2d at 633.

State v. Tiedemann (1961), 139 Mont. 237, 362 P.2d 529, relied on by defendant, is clearly distinguishable. In

-9-

_Tiedemann_ the defendant was charged with attempted rape of a 16 year old girl. During cross-examination, the prosecutor was allowed to question the defendant concerning a prior statement in which he admitted that he had been warned about going out with girls under the age of 18 and that he could have been charged with statutory rape in another incident. This was clearly an attempt to introduce evidence of other like crimes having no relevance to the case being tried and was properly condemned by this Court.

Defendant's final contention is that the testimony, even if it was relevant, should not be received because its prejudicial nature far outweighed any probative value. Rule 403, Mont.R.Evid., provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . ." This rule has application to evidence of other crimes: "The District Court as well as this Court, is obligated to look very carefully at the relative probative value of the evidence of other offenses . . . and weigh this against the prejudice inherent in this type of evidence in light of the actual need to introduce such evidence by the State." State v. Skinner (1973), 163 Mont. 58, 64, 515 P.2d 81, 84. The testimony in this case, while having to do with another claimed victim of defendant, was a conversation credited to defendant while in the act of seduction of the prosecutrix here and was properly admitted to demonstrate defendant's intuition in the matter.

This Court has recognized a distinction between testimony that tends to prove that a defendant _committed_ an unrelated crime and testimony that the defendant _claimed_ he committed such an offense. State v. Collins (1978), _____

Mont. ____, 582 P.2d 1179, 35 St.Rep. 993, 998. The latter may be admissible as "relevant as a part of the whole factual situation." Collins, 35 St.Rep. at 998. Such was the situation in the present case.

The judgment of the trial court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices