No. 85-564

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

CHANCY LONG,

        Defendant and Appellant,

_____

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Leanne M. Schrauder, Bozeman, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
A. Michael Salvagni, County Attorney, Bozeman, Montana
Marty Lambert, Deputy County Attorney, Bozeman

_____

Submitted on Briefs: July 24, 1986

Decided: October 30, 1986

Filed: OCT 30 1986

_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendant Chancy Long appeals his conviction for two counts of sexual assault following a jury trial in the District Court, Eighteenth Judicial District, Gallatin County. We affirm his conviction and remand his sentence for rehearing.

The principal issues raised by Long on appeal are: (1) whether the District Court improperly allowed the testimony of juvenile girls, other than those for whom the charges were filed, as testimony pertaining to prior acts under Rule 404(b), M.R.Evid.; (2) whether the District Court committed error in its cautionary and jury instructions when it described the other girls' testimony as evidence of prior crimes, rather than as evidence of prior acts; (3) whether the District Court erred in refusing to permit evidence of the absence of sexual assault of defendant's grandchildren under Rule 106, M.R.Evid.; (4) whether the District Court erred in refusing to instruct the jury on the offense of misdemeanor assault; (5) whether defendant received effective assistance of counsel; and, (6) whether the county prosecutor's opening and closing statements unfairly prejudiced the defendant.

On November 20, 1984, an information was filed against the defendant charging him with three counts of sexual assault against two four-year-old girls and a six-year-old girl. In December and again in March, the county attorney filed notices with the District Court and defendant notifying them that the county attorney intended to introduce evidence of other crimes, wrongs or acts involving four other girls.

The girls' ages ranged from 5 to 9 years at the time defendant was in contact with them. The prosecution contends the evidence was necessary to establish that defendant's behavior was indicative of a common scheme of assaulting very young girls. In April, 1985, defendant was convicted in a trial by jury of sexually assaulting the two four-year-old girls. The District Court dismissed the count of felony sexual assault involving the six year old after the State finished its case in chief.

At the time the offenses were committed, defendant owned and operated a trailer court in Belgrade, Montana. The children in the trailer court would often visit the defendant's house to play with defendant's two grandchildren. The incidents of abuse occurred between April, 1983, and October, 1984. In October, the parent of one of the four year olds overheard a conversation between her daughter, W.B., and the other four year old, A.M., describing defendant's assaultive actions. Later at trial the two girls testified that defendant had pulled their pants down and rubbed their vaginas.

The prosecution's evidence of other crimes, wrongs or acts involving the four other children was as follows: H.D., an eight year old, testified that when she was alone with defendant he touched her near her "private spot" which she indicated was below her naval at her belt line. T.D., a six year old, testified that defendant touched her on the thigh when he was giving her a ride to school. This was the charge dismissed after the State's case in chief. Another T.D., age 10, testified that defendant held her hand tightly with both of his hands frightening her because she couldn't get away from him. M.M., age five, testified that he had "rubbed her

bottom" several times when she was alone with him. Finally, N.S. testified that in 1980, when she was nine years old, defendant surprised her by kissing her on the lips. N.S. reported the incident to her mother and from that time on went to another neighbor's house after school, instead of to the defendant's house.

The defendant is asserting on appeal that the testimony of H.D., M.M., N.S. and ten year old T.D. was improperly admitted by the District Court because their testimony violated Rule 404(b), M.R.Evid. and State v. Just (1979), 184 Mont. 262, 602 P.2d 957.

The procedural aspect of this contention must be considered first. It is a well established rule in Montana that if counsel fails to object to an issue at trial, the issue cannot be raised for the first time on appeal. In State v. Patton (1979), 183 Mont. 417, 600 P.2d 194, this Court considered allegations of error which were raised for the first time on appeal and held that:

> [a] District Court will not be put in error where it was not accorded an opportunity to correct itself. State v. Walker (1966), 148 Mont. 216, 223, 419 P.2d 300. The admissibility of evidence to which no objection is made cannot be reviewed on appeal. State v. Armstrong (1977), 172 Mont. 296, 562 P.2d 1129, 1132; State v. Dillon (1951), 125 Mont. 24, 30, 230 P.2d 764. The failure to object or to move to strike testimony precludes objection on appeal. State v. Cripps (1978), 177 Mont. 410, 582 P.2d 312, 317, 35 St.Rep. 967.

State v. Patton (1979), 183 Mont. at 422, 600 P.2d at 197.

In State v. Powers (1982), 198 Mont. 289, 645 P.2d 1357, this Court examined the right to appeal an issue, not dealt with at trial that testimony had been admitted in violation of Rule 404(b), M.R.Evid., stating:

> Defendants next argue that the District Court erred in admitting testimony of prior acts of violence committed by persons not defendants against the

victim or other children. Initially, defendant Powers' failure to object to this issue at trial bars his raising it on appeal.

State v. Powers (1982), 198 Mont. at 299, 645 P.2d at 1363.

In his appeal, defendant is objecting to the testimony of H.D., M.M., N.S., and ten year old T.D. However, at trial defendant objected only to M.M.'s testimony, stating:

> I didn't object earlier to [N.S. or H.D. & 10 year old T.D.]. That testimony doesn't amount to a hill of beans, judge. There is a little bit of smoke there but I don't see fire anywhere.
>
> Now, in the testimony of M.M., which I was just able to ascertain at lunch time today, they were talking about an act very similar to the allegations that are charged. I think that it is extremely prejudical to Mr. Long. In fact, the prejudicial effect substantially outweighs the probative value, and I would ask the Court not to allow them to call this most recent witness who will testify to acts that have not been charged.

It is apparent from the record that defendant's trial counsel objected only to the admissibility of M.M.'s testimony. Hence the issue now before this Court is whether M.M.'s testimony was admitted in violation of Rule 404(b), M.R.Evid. and State v. Just, supra.

Rule 404(b) provides that:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Admissibility is also governed by four specific substantive rules which are: (1) similarity between the crime charged and the previous crimes, wrongs or acts; (2) nearness in time between the charged crime and the previous crimes, wrongs or acts; (3) tendency to establish a common scheme, plan or system; and (4) a determination that the probative value of the evidence is not substantially

- 5 -

outweighed by the prejudice to the defendant. State v. Jensen (1969), 153 Mont. 233, 455 P.2d 631; State v. Just, supra.

Defendant contends that the act testified to by M.M. was not sufficiently similar to defendant's assaults upon A.M. and W.B. to satisfy the first element of the Just test. Defendant's assault against A.M. and W.B., both four years old, involved pulling the girls pants to their knees and rubbing their vaginas. M.M., age 5, testified that defendant had "rubbed" her bottom. Her clothes had not been removed. Defendant argues that this act, standing alone, had no sexual connotation and that it took on evil connotations only when coupled with the charges of sexual assault.

It must be noticed that sexual abuse of children takes subtle forms. Further, because sexually abused children often have a difficult time communicating what has happened to them, it is wise to defer to the perceptions of the finder of fact. In this case the trial judge admitted M.M.'s testimony over defendant's trial counsel's objection and properly submitted the matter to the jury for them to weigh the evidence.

This Court established in State v. Tecca (Mont. 1986), ___ P.2d ___, 43 St.Rep. 264, that it is not necessary that the prior acts be identical to the charged offense. The test established in Tecca requires only that there be "sufficient similarity" between the charged offense and the other crime, wrong or act. Here, the State introduced evidence of the prior act to show a common scheme, plan or design in the defendant's conduct. Because of the subtle nature of child abuse, we find the evidence or prior acts is similar enough to the acts involved to justify its admission.

Defendant alleges on appeal that M.M.'s testimony was extremely prejudicial and that the prejudicial effect substantially outweighed the testimony's probative value. We disagree. The State had evidence of defendants acts against A.M. and W.B. Given the elusive nature of sexual assault against very young children, M.M.'s testimony was probative of the State's theory that defendant's actions were not an isolated event.

Defendant next alleges error in the trial court's application of the Just procedural rules. These guidelines require (1) that notice be given to defendant prior to trial that evidence of other crimes, wrongs, or acts will be introduced; (2) that there be an admonition by the judge to the jury when the evidence is introduced that that evidence is admitted solely for one or more of the accepted purposes stated in Rule 404(b); and (3) that a cautionary jury instruction to the same effect be given, providing in unequivocal terms that the evidence is admitted for the purpose earlier stated and not to try and convict the defendant for prior wrongful conduct. State v. Just, 184 Mont. at 274, 602 P.2d at 963-964.

In keeping the second requirement of the Just procedural guidelines, the trial court gave on four separate occasions the following cautionary instruction:

> Ladies and gentlemen of the jury, the State is attempting to offer evidence that the Defendant at another time engaged in other crimes. The only purpose of submitting the evidence is to show proof of motive, opportunity, intent, knowledge, identity, and absence of mistake or accident. You may not use that evidence for any other purpose. The Defendant is not being tried for that other crime. He may not be convicted of other offenses than those charged in the case. Those charges are involving [A.M., W.B. and six-year-old T.D.]. For the jury to convict the Defendant of offenses other

than those charged in the information would be unjust double punishment of the Defendant.

This cautionary instruction was first given during the testimony of H.D. and was repeated before testimony of defendant's acts by ten-year-old T.D., N.S., and M.M. After the very first reading during H.D.'s testimony the following exchange took place between defense counsel and the District Court.

DEFENSE COUNSEL: Your Honor, I had earlier indicated we wanted to object to that instruction; as referred to this testimony as about to be offered, as a crime. I feel that it is a comment on the evidence. I would like to instruct the jury that it may not or may be a crime. They can consider the evidence for what it's worth.

THE COURT: You heard the objection made. [Counsel] is objecting to the terminology of the word "crime" and you will be instructed under--what constitutes a crime. You can make that determination yourself.

Defendant contends that the inference taken from the "other crimes" instruction converted acts of doubtful criminal nature into evidence of a course of conduct of sexual assault. This is not the case. Here the court drew the jury's attention to defense counsel's objection. Then the court explained to the jury that it would be instructed on what constituted the crime. The court also explained that the jury would be free to exercise its own discretion in determining if the acts did constitute crimes. To further alleviate any possibility of unfair prejudice to the defendant, the court, after repeating the "other crimes" instruction as instruction 18, gave the following cautionary instruction:

Instruction 19

The preceding instruction [18] has been read to you several times throughout the course of the trial. It refers to other crimes of the defendant. Although I use the term crimes to describe the acts

- 8 -

> testified to, I didn't mean to suggest that they
> were criminal acts.

The giving of this final cautionary instruction protects the balance between probative value and prejudicial effect by alleviating any potential misconstruction of the repeated caution referring to other crimes, wrongs or acts simply as crimes.

This Court is not suggesting that the District Court's abbreviation of the Just "other crime" instruction is adopted. It merely approves its use in conjunction with the above discussed mitigating steps intended to protect defendant from unfair prejudice.

Defendant next alleges error because the trial court refused to allow evidence of the absence of criminal conduct by defendant against his grandchildren. Again, however, the defense objection runs afoul of procedural requirements on appeal. Before trial, the county attorney's office filed a motion in limine to preclude the defendant from discussing whether or not he had molested his grandchildren. During the hearing in chambers before trial, the District Court granted the prosecutor's motion after the defendant's trial attorney stated he had no objection.

Here again the defendant wishes to raise an objection to the introduction of evidence for the first time on appeal. As we stated earlier, citing the cases of State v. Patton (1979), 183 Mont. 417, 600 P.2d 194, and State v. Powers (1982), 198 Mont. 289, 645 P.2d 1357, defendant cannot appeal an issue not tried at District Court level.

At trial defense counsel offered several instructions stating that misdemeanor assault is a lesser included offense of sexual assault. The District Court refused to so instruct

the jury and defendant appeals. We affirm the District Court's decision.

This Court addressed this issue in State v. Madera (Mont. 1983), 670 P.2d 552, 40 St.Rep. 1558. There we explained that our statute, § 46-11-502(1), MCA, prevents prosecution for more than one offense when one offense is included in the other. We also adopted the Blockberger v. U.S. (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 test for determining if there is a lesser included offense. This test states that separate distinct offenses require proof of additional facts, where lesser included offenses do not. "We look to the statutes and not to the facts of the individual case to make that determination." State v. Madera (Mont. 1983), 670 P.2d at 558, 40 St.Rep. at 1564.

An examination of the statutes defining misdemeanor assault and sexual assault clearly indicate that misdemeanor assault is not a lesser included offense of sexual assault. A person commits the offense of misdemeanor assault if he purposely or knowingly makes physical contact of an insulting or provoking nature with any individual. Section 45-5-201(1)(c), MCA. A person commits the offense of sexual assault if he knowingly subjects another, not his spouse, to any sexual contact without consent. Section 45-5-502(1), MCA. In order to prove misdemeanor assault, the State must prove that physical contact of an insulting or provoking nature occurred. This is not required as proof of sexual assault.

In order to adopt the defendant's lesser included offense theory, this Court must find that sexual contact and physical contact of an insulting or provoking nature are interchangeable terms. This we will not do. The defendant's

- 10 -

contentions that misdemeanor assault is a lesser included offense of sexual assault is not supported by the law.

Defendant next contends that he was denied effective assistance of counsel at trial. To support this contention, he argues that trial counsel conducted no independent investigation of the facts, that counsel did not interview the State's witnesses, did not seek the help of an expert in preparing for trial and did not pursue examination of defendant's physical and mental health. He further claims that counsel failed to prepare him as a witness or call witnesses to testify on his behalf.

The standard used to review claims of ineffective counsel comes from Strickland v. Washington (1985), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 as adopted in Montana in State v. Probert (Mont. 1986), ___ P.2d ___ 43 St.Rep. 988; State v. Boyer (Mont. 1985), 695 P.2d 829, 42 St.Rep. 247; and State v. Robbins (Mont. 1985), 708 P.2d 227, 42 St.Rep. 1440. The two-pronged test is as follows:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Boyer, 695 P.2d at 831, 42 St.Rep. at 250 (quoting Strickland v. Washington, supra). "Challenging the effective assistance of counsel places a burden on a defendant to show 'that the error allegedly committed by a lawyer resulted in prejudice to him and stemmed from neglect or ignorance rather than from informed professional deliberation.'" State v. Robbins (Mont. 1985), 708 P.2d at 231, 42 St.Rep. at 1443. To show

- 11 -

prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of a proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 232, 42 St.Rep at 1444. We are of the opinion that defendant cannot meet the burden of proving that his counsel was ineffective.

Defendant's arguments on the issue rely almost totally on matters which are not part of the record on appeal in this case. There is no evidence in the record that the issue of mental disease or defect should have been pursued nor is there any indication in the trial transcript that defendant was not capable of understanding the proceedings or unable to assist counsel in his own defense.

Defendant argues that trial counsel erred by failing to require that defendant undergo physical and mental examinations in preparing the defense and prior to sentencing. This argument imposes an unacceptable burden on defense attorneys by requiring them to exercise diagnostic skills beyond their training. In this case the record suggests nothing that would evidence that defendant was suffering from mental disease or defect. Trial counsel's performance was not deficient under these circumstances.

Defendant also claims that trial counsel erred in failing to interview the state's witnesses, the children and their parents. The decision about interviewing witnesses prior to trial is tactical, especially in this case involving potentially hostile parents and their children. If the attorney believes he may obtain better results at trial without having earlier interviewed the witnesses, that is his prerogative. The exercise of discretion in making tactical

decisions cannot automatically be deemed ineffective assistance. The same rule holds true for trial counsel's decision to call no witnesses on the defendant's behalf. There is no evidence that even if certain witnesses had been called that their testimony would have been relevant to the facts of the crime. Finally, although trial counsel may have failed to prepare defendant as a witness, counsel's errors was not so serious as to deprive defendant of a fair trial. In fact, review of the transcript indicates defendant carefully considered his responses before replying on cross-examination.

Finally, defendant complains that the deputy county attorney who prosecuted the case made inflammatory and prejudicial remarks in his opening and closing statements to the jury. In his opening statement, counsel for the prosecution stated:

> The children you are about to see testify, they are the future. They are the future of this country and of this state and of this nation. They will become the doctors and engineers and nurses and lawyers and county commissioners of tomorrow.
>
> The testimony will prove, ladies and gentlemen, that this man threatened our future. He threatened our future.

The closing argument maintained the tone:

> You have got your job to do, and I know that you are not going to allow sympathy or prejudice on his part or anybody's part to affect your decision. This is the most important affair. Would you allow your four or five year old to play with this man? . . . Our future was threatened. That is wrong.

Defendant believes that the above quoted statements prejudicially exceeded the bounds of fair advocacy. It is our duty in this instance to consider the trial record as a whole and to ignore errors that have little, if any, likelihood of having changed the result of the trial.

Although the prosecutor's arguments were over-broad and dramatic, it is clear they did not by themselves render the trial unfair. It is this Court's opinion that the prosecutor's comments did not affect the substantial rights of the defendant or deprive him of a fair trial.

Defendant had requested on April 11, 1986 in a separate motion that this Court suspend appeal and remand this case for hearing on whether a new trial should be granted. We denied that motion, but feel that evidence gathered in support of that motion is pertinent to Long's sentence. The evidence we refer to involves the results of examinations of defendant by two physicians and a psychologist. The examinations were conducted after defendant was sentenced and suggested that defendant is suffering from organic brain syndrome and progressive dementia. There is also some indication that defendant is suffering from Alzheimer's disease.

We believe the rule of law set out in § 46-14-311, MCA, must be followed in this case. Section 46-14-311 states:

> Consideration of mental disease or defect in sentencing. Whenever a defendant is convicted on a verdict . . . and he claims that at the time of the commission of the offense of which he was convicted he was suffering from a mental disease or defect which rendered him unable to appreciate the criminality of his conduct or to conform his conduct to the requirements of law, the sentencing court shall consider any relevant evidence presented at the trial and shall require such additional evidence as it considers necessary for the determination of the issue, including examination of the defendant and a report thereof as provided in 46-14-202 and 46-14-203.

In the instant case the defendant's progressive dementia was not diagnosed until after trial and sentencing. Nonetheless, the evidence is clearly relevant and warrants attention, especially as it relates to defendant's sentence.

- 14 -

Defendant's April motion requested rehearing for purpose of determining the necessity of a new trial. Our denial of that motion is consistent with our present decision to remand the issue of mental disease to the sentencing court for review.

> A medical diagnosis of mental illness that requires treatment and a legal finding of mental disease that relieves criminal responsibility are distinguishable. It is possible to be diagnosed as suffering from a mental illness for medical and treatment purposes and, from a legal standpoint, still be criminally culpable.

State v. Watson (Mont. 1984), 686 P.2d 879, 887, 41 St.Rep. 1452, 1462.

We affirm the defendant's conviction for sexual assault. Whether his sentence should be conditioned because of a mental disease or defect has not been determined in the District Court. We remand the cause to the District Court for further proceedings regarding his sentence with opportunity provided to the State and the defendant to present additional evidence as to whether the defendant's sentence should be modified under §§ 46-14-311 and 46-14-312, MCA.

_____
Justice

We Concur:

_____
Chief Justice

- 15 -

_William E Hunt Sr_

_Thel_

_K. C. Gulbrandson,_
Justices