JUSTICE LEAPHART,
dissenting.
I concur as to issues number two, three and four. I dissent as to issue number one.
The Court concludes that the failure of Bone’s counsel to obtain a mental evaluation did not amount to ineffective representation. I disagree. Under Ake v. Oklahoma (1985), 470 U.S. 68, 83, 105 S.Ct. 1087, 1096, 84 L.Ed.2d 53, 66, Bone was entitled to the appointment of a psychiatrist to assist in the “evaluation, preparation, and presentation of the defense.” Although mental evaluations are not necessary in every criminal proceeding, State v. Langford (1991), 248 Mont. 420, 813 P.2d 936, Bone’s medical history was such that, in my opinion, counsel was deficient in not obtaining an evaluation.
In State v. Long (1986), 223 Mont. 502, 726 P.2d 1364, we addressed a claim that counsel had been ineffective for failing to request an examination of the defendant’s mental and physical health. We stated:
There is no evidence in the record that the issue of mental disease or defect should have been pursued nor is there any indication in the trial transcript that defendant was not capable of understanding the proceedings or unable to assist counsel in his own defense.
*318 Defendant argues that trial counsel erred by failing to require that defendant undergo physical and mental examinations in preparing the defense and prior to sentencing. This argument imposes an unacceptable burden on defense attorneys by requiring them to exercise diagnostic skills beyond their training. In this case the record suggests nothing that would evidence that defendant was suffering from mental disease or defect.
Long, 223 Mont, at 511-12, 726 P.2d at 1370. In contrast to the situation in Long, where there was no suggestion that the defendant was suffering from a mental disease, in this case counsel for Bone, without exercising diagnostic skills beyond his ken, could and should have seen the need for a mental evaluation. The following facts, which were either known or available to counsel, all pointed to the need for a mental evaluation:
1. Despite the potential for imposition of the death penalty, Bone was expressing remorse and indicating a desire to plead guilty.
2. Bone had previously undergone a mental evaluation.
3. Bone was under the treatment of a psychiatrist (Dr. Earle) during the period in which plea negotiations were being conducted. Counsel conceded that he could not recall any specific dialogue with Dr. Earle in which he asked if Bone were competent: “I really can’t remember a specific exchange where either he [Dr. Earle] asked me or I asked him if he thought he [Bone] was competent.”
4. Both the earlier evaluation and Dr. Earle’s evaluation indicated that Bone was suffering from mental problems.
5. Bone was taking antidepressant and antipsychotic medications at the time of the plea negotiations.
6. Bone had a history of prior mental health hospitalizations and treatment.
7. Bone had a history of post-traumatic stress disorder, a family history of mental illness, and a history of being abused.
8. Bone had a history of long-standing drug and alcohol abuse. Finally, and most significantly, since counsel was aware that there
was an eyewitness to Bone’s participation in the murders, Bone had no factual defense to the charge. Thus, his only potential defense would be the possibility of a finding of mental disease or defect.
Bone’s expert, Assistant Federal Defender Dan Donovan, testified that, in light of the above factors, counsel should have obtained an evaluation of Bone’s fitness to proceed and his mental state at the time of the offense and that the failure to do so constituted deficient representation. I agree.
*319 The Court does note that Donovan conceded on cross-examination that a mental evaluation can be a double-edged sword which has the potential to hurt the defense. Although the court no longer requires that mental evaluations requested by the defense be filed with the court, Smith v. McCormick (9th Cir. 1990), 914 F.2d 1153, prior to the 1990 decision in Smith, Montana law required that evaluations be filed with the court. Hans v. State (1997), 283 Mont. 279, 942 P.2d 674, 687-88. A defendant requesting an evaluation prior to Smith ran the risk of having to disclose an unfavorable evaluation; hence, the “double-edge.” However, even in the context of Bone’s 1987 plea, I do not see the “double-edged” aspect as defeating the ineffective assistance of counsel argument. Bone’s counsel was confronted with a client who was expressing remorse and a desire to enter a plea of guilty rather than proceed to trial. With that as a point of reference, counsel had nothing to lose by obtaining a mental evaluation. Even if the evaluation were unfavorable, Bone would be none the worse off. He would have merely eliminated mental disease as a possible defense, and he could proceed to enter a plea as previously planned. Thus, under the circumstances, the possibility that the evaluation may have been unfavorable and filed with the court did not relieve counsel of his obligation to pursue an evaluation in the first instance.
Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d. 674, requires that not only must counsel’s performance be deficient, but the performance must have prejudiced the defendant. Strickland, 466 U.S. at 668, 104 S.Ct. at 2054-55. In order to show prejudice in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. “Areasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 687, 694, 104 S.Ct. at 2064, 2068.
In finding no prejudice, the District Court concluded that the videotape of Bone’s pre-plea statement was excellent evidence of his understanding of the proceedings as well as an indication of his ability to assist and his desire to go forward with the guilty plea. This Court affirms the District Court’s conclusion. One’s demeanor, however, is not dispositive on the issue of competency. Pate v. Robinson (1966), 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 1815. Bone’s history of mental problems, head injuries, medications and drug problems are so numerous and pervasive that it was incumbent upon the court and *320 counsel to look beyond mere demeanor and examine Bone’s true mental condition.
Prejudice in the present case is established by counsel's admission that, “I think that the question of what his mental state was, with the advantage of hindsight, with the advantage of all of these proceedings, there were clearly a lot of things going on with him, and if I was doing it again, yes, I might have done more along that line.” This admission pertains directly to the question of prejudice. This District Court erred in holding that the court cannot evaluate the issue through hindsight, thereby attaching no significance to counsel’s admission. The rule is that courts should avoid hindsight in evaluating whether counsel's performance was deficient (i.e., the first prong of Strickland). This admonition does not apply to the second prong of Strickland; that is, was the defendant prejudiced by the deficient representation? “[E]valuation of prejudice is not limited to a contemporaneous assessment, i.e., viewing the facts as of the time of counsel’s conduct without the use of hindsight.” Whitmore v. Lockhart (8th Cir. 1993), 8 F.3d 614, 622.
Defense counsel's admission, albeit in hindsight, that he would have done things differently creates a reasonable probability “sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 687, 694, 104 S.Ct. at 2064, 2068. The factors enumerated above clearly placed Bone’s competency at issue, and the question of mental disease or defect should have been pursued. Given the eyewitness testimony of Lisa Adams, Bone had no factual defense to the charge. Thus his only possible defense was mental disease or defect. In the absence of a mental examination, counsel had no basis for determining whether such a defense would be viable. Had counsel explored the viability of a defense of mental disease or defect, there is a reasonable probability that Bone would have proceeded to trial rather than enter a guilty plea. That probability amounts to prejudice. I would reverse the conviction and remand for a new trial.
JUSTICE NELSON and JUSTICE HUNT join in the foregoing dissent.