No. 99-251

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 175N

---

STATE OF MONTANA,

Plaintiff and Respondent,

v.

HAMED CHOWDHURY,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hamed Chowdhury, *pro se*, Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; C. Mark Fowler, Assistant

Attorney General, Helena, Montana

Fred Van Valkenburg, Missoula County Attorney; Dale Mrkich, Deputy

County Attorney, Missoula, Montana

---

Submitted on Briefs: June 15, 2000

Decided: July 6, 2000

Filed:

---

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶Hamed Chowdhury appeals his conviction of driving under the influence of alcohol (DUI), first offense, in the Fourth Judicial District Court, Missoula County, on appeal from the Missoula County Justice Court. We affirm.

3. ¶Chowdhury states the issues on appeal as whether the District Court violated his right to discovery by not requiring that he personally be present at an omnibus hearing, and whether the court abused its discretion by admitting into evidence the results of the Intoxilyzer 5000 breath test.

4. ¶Chowdhury has not filed a transcript of the District Court trial. The Court cannot therefore determine from the record whether Chowdhury objected at trial to the alleged lack of discovery or to admission of the Intoxilyzer 5000 results, or what the court's rulings were on any such objections. In fact, Chowdhury concedes in his briefs that he failed to timely move for the exclusion from evidence of the results of the Intoxilyzer 5000 test and that he did not object to the introduction of this evidence during trial.

5. ¶Generally, this Court considers for review on appeal only those issues raised in the pleadings or otherwise raised before the district court. *State v. Herrera*, 1998 MT 173, ¶ 17, 289 Mont. 499, ¶ 17, 962 P.2d 1180, ¶ 17. We will not hold a district court in error on a subject on which it was not given an opportunity to correct itself. *State v. Long* (1986), 223 Mont. 502, 506, 726 P.2d 1364, 1366. Absent any indication of record that Chowdhury made timely objections on either of his claims of error, we conclude that he has waived these claims and is therefore barred from raising them on appeal.

6. ¶The decision of the District Court is affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER